MATTER OF SEMERJIAN

A-10447492

In Visa Petition Proceedings

*Decided by Regional Commissioner June 28, 1966*

(1) An immigrant alien within the purview of section 212(a)(14), Immigration and Nationality Act, as amended by P.L. 89-236, must establish a bona fide intent to work in the United States, immediately or in the forseeable future, in his qualifying endeavor or in a related field.

(2) Since a mechanical engineer is a member of the professions within the meaning of sections 203(a)(3) and 101(a)(32) of the Act, as amended, a qualified mechanical engineer, who has established a bona fide intent to work in the United States in his profession, is eligible for third preference classification under the quota.

**Discussion:** This case comes forward on appeal from the decision of the District Director, Los Angeles, who denied the application on April 26, 1966 as follows:

You have based your claim to eligibility for third preference classification upon your profession of mechanical engineer. The record in your case reflects that since you obtained your degree in engineering you were employed in that field for a period of two months, from June 1965 to August 1965 and that since January 1966 you have been employed as a distributor for the Kirby Vacuum Cleaner Company. The record further reflects that you have been unable to secure employment as an engineer and that you have no definite plans to secure employment in that field in the near future. You have, therefore, failed to establish that you intend to pursue the profession upon which you base your petition for third preference classification.

Applicant is a 36-year-old single male, a native and citizen of Syria. He was admitted to the United States as a student at New York, New York on October 27, 1956, destined to Bozeman, Montana, where he enrolled as a foreign student at Montana State College. He was granted extensions of stay in that status to March 20, 1965. Except for the first year applicant has been supporting himself by various odd campus jobs, summer employment, several scholarships, and from 1960 to 1965 as a salesman and serviceman for the Kirby

Company of Southern Montana, distributors of Kirby vacuum cleaners. He was awarded a degree of Bachelor of Science in general studies on June 4, 1962 and a Bachelor of Science Degree in mechanical engineering on March 20, 1965, both degrees from the Montana State College, Bozeman, Montana. On April 26, 1965 he applied for practical training as a field engineer for the Kirby Company of Southern Montana. This application was denied May 24, 1965 in that the practical training to be given by the Kirby Company was not sufficiently related to the field of mechanical engineering to justify granting the application.

At the time his application for practical training was denied, the applicant was granted until June 24, 1965 to depart voluntarily from the United States. He then left Montana and went to Los Angeles, California, where he obtained employment with the Security Metal Products Corp. on June 28, 1965 as a junior mechanical engineer under a training program with a starting salary of $400 per month. In August, 1965 Security Metal Products Corp. released him from their training program because his previous training did not meet company requirements.

In a statement before an officer of this Service on April 21, 1966, the applicant testified that following his release by Security Metal Products Corp. he made various applications to other companies for a position as a mechanical engineer but was turned down because "I was not a citizen or resident of the United States." He further testified that he then borrowed $5,000 and set up a business as area distributor of Kirby Vacuum Cleaners for the West Los Angeles and Hollywood area. He concluded his statement by saying, "It is my hope that I can make enough money to pay off debts and some day return to school to advance my education in engineering."

On December 15, 1965 the applicant submitted his petition in his own behalf for classification for preference status under section 203 (a)(3) of the Immigration and Nationality Act on the basis of his profession as a mechanical engineer. The petition was accompanied by Form ES 575A, "Statement of Qualifications of Alien," indicating that he is seeking work in "mechanical engineering" and evidence that he was awarded a Bachelor of Science Degree in general studies and mechanical engineering at Montana State College, Bozeman, Montana. This form also shows that at that time applicant was self-employed as area distributor for Kirby Vacuum Cleaners doing sales and service work.

The District Director denied the petition in that petitioner had failed to establish that he intended to pursue the profession upon

752

which the petition for third preference classification was based, that is, the profession of mechanical engineer.

Section 203(a)(3) of the Immigration and Nationality Act provides for the issuance of visas "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States. Section 101(a)(32) states: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

The beneficiary is a member of a profession within the purview of section 203(a)(3) by reason of his academic degree in mechanical engineering from an accredited institution of higher learning. Before the petition may be approved, in addition to determining that the beneficiary is qualified professionally, the certification required by section 212(a)(14) of the Immigration and Nationality Act, as amended, must have been issued by the Secretary of Labor (or his designated representative). This section provides as a prerequisite for the admission of certain aliens seeking to enter the United States *for the purpose of performing* skilled or unskilled labor that there must have been issued in their behalf a certification by the Secretary of Labor that:

(A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and the place where the alien is to perform such skilled or unskilled labor; and

(B) the employment of such aliens will not adversely affect the wages and working conditions of workers in the United States similarly employed.

The section specifically includes within its ambit immigrant aliens described in section 203(a)(3).

The Secretary of Labor, pursuant to section 212(a)(14), has determined that mechanical engineering is a category in which there are not sufficient workers who are able, willing, qualified, and available for *employment*, and employment in such category will not adversely affect the wages and working conditions of workers in the United States similarly employed (29 CFR 60, Schedule A, Group II).

The phrase "for the purpose of performing," in section 212(a)(14), clearly indicates that an immigrant alien within the contemplation of section 212(a)(14) must establish a *bona fide* intent to engage immediately or in the foreseeable future in his profession or a related field. In addition, at page 12 of the House of Representatives Report

753

No. 745, 89th Congress, First Session, prepared by the Committee on the Judiciary in connection with H.R. 2580 (which, as amended, was enacted as P.L. 89-236), the Committee made the following statement regarding the preferences established by the proposed legislation:

Preference is also provided for those professional people, with personal qualifications, whose services are urgently needed in the United States.

Thus, it appears to be clear that it was the Congressional intent to award a preference classification to members of the professions, in contemplation that they would perform needed services for which their professional status qualified them. It does not appear to have been the wish of the Congress to award such a preference to an alien who, although fully qualified as a member of the professions, had no intention of engaging in his profession or, at least, in a related field for which he was fitted by virtue of his professional education or experience.

Since an applicant for a visa under section 203(a)(3) may be a member of a profession for which a license, or even citizenship, may be a prerequisite before he may engage in his professional endeavor, we do not read into the statutes or regulations a requirement that the applicant must be able to engage in the qualifying profession immediately, if admitted to the United States. It is sufficient if he can show a bona fide purpose or intent to work in the United States in his qualifying endeavor. In determining whether the alien intends to engage in his profession or in a field related thereto, consideration may be given to factors such as whether he is presently so employed and, if not, the length of time he has not been so employed and the reason therefor. Consideration may also be given to the alien's own declaration regarding his intended employment.

In this case, the applicant received a degree in mechanical engineering in March 1965. He was employed as a junior mechanical engineer from June to August 1965, at which time he was released because his prior training did not meet company requirements. He stated that he sought employment with other companies as a mechanical engineer but was unsuccessful because he was not a citizen. He then found it necessary in order to earn a livelihood to procure employment with the Kirby Company. He stated that he had hoped to earn enough to liquidate his debts and to eventually receive further schooling in engineering.

On appeal petitioner requested oral argument before the Regional Commissioner. The request was granted. In oral argument on May 24, 1966 petitioner stated that after obtaining work with the Kirby

Company in Los Angeles as a salesman, and later assuming the distributorship for the company, he continued his efforts to obtain a mechanical engineering position which he stated had always been his primary goal. He stated he had been successful in obtaining a mechanical engineering position and had started working in such position the day before (May 23, 1966). He presented a letter dated May 10, 1966 addressed to the petitioner under the letterhead of Federal Manufacturing Corporation, North Hollywood, California. This letter reads as follows:

In our interview with you, we understand you have graduated from Montana State College in March, 1965, as a mechanical engineer.

We have an opening for a person of your capabilities with our firm in the capacity of design of machine elements, mechanical drawing & research & testing of mechanical properties of metals.

Your starting date will be Monday, May 16, at a salary of $2.50 per hour.

Applicant then stated that he planned to retain his distributorship for the Kirby Vacuum Cleaners for the time being and only act in a managing capacity, and that at such time as he became firmly established in a permanent mechanical engineering position he would dispose of his distributorship. His present hours with the Federal Manufacturing Corporation are from 8:00 a.m. to 3:00 p.m., leaving evenings for necessary management duties of the Kirby distributorship.

Review of the record establishes that the petitioner fully qualifies for preference status under section 203(a)(3) of the Immigration and Nationality Act, in that he is a member of a profession for which there is a blanket certification as provided by 29 CFR 60 and he has established that it is his intention to engage in his profession in the United States. The appeal will be sustained and the petition granted.

ORDER: It is ordered that the appeal be sustained and the petition granted.