MATTER OF MAPILI

In Visa Petition Proceedings

A-19062165

*Decided by Regional Commissioner January 29, 1971*

Notwithstanding petitioner may be academically qualified as an agriculturist/agronomist, his petition for professional classification under section 203(a)(3) of the Immigration and Nationality Act, as amended, as an agriculturist/agronomist is denied for lack of the required labor certification for that profession under section 212(a)(14) of the Act where he is not covered by the blanket labor certification provided by Schedule A of 29 CFR Part 60 and the Department of Labor declined to issue an individual labor certification for the profession of agriculturist/agronomist but subsequently issued a labor certification for "Nursery Manager," which is a nonprofessional occupation.

ON BEHALF OF APPELLANT:     Popkin and Shamir, Inc., Attorneys at Law
                            Suite 1800 California Federal Building
                            5670 Wilshire Boulevard
                            Los Angeles, California 90036

This case is before the Regional Commissioner on appeal from he decision of the District Director Los Angeles who on November 3, 1970 found that the occupation for which the Deparment of .abor issued a certification is not a profession.

Oral argument was requested and granted. Counsel appeared rith appellant as scheduled.

The appellant is a 30-year-old single male, a native and citizen f the Philippines. He was admitted to the United States as a visor on September 28, 1968 and subsequently was authorized to ɛmain in this country until February 19, 1970. He has remained ι the United States; is at present under deportation proceedings ɪd resides in Glendale, California. He filed the present petition ι February 24, 1969 under section 203(a)(3) of the Immigraon and Nationality Act, as amended, as a member of the profesons as an "Agriculturist/Agronomist" to seek work as such in alifornia.

In support of the petition, he has presented evidence of graduaɔn from a University in the Philippines in March 1962 with a

Bachelor of Science in Agriculture. The record indicates that from 1962 and until he departed for the United States he was employed as an Agriculturist by the Agricultural Productivity Commission of the Philippine Government.

A bona fide qualified agriculturist may be a member of the professions. The appellant appears to be academically qualified as a member of the professions as an agriculturist by reason of his undergraduate degree in that field. However, to be eligible for classification for preference under section 203(a)(3) of the Act and the approval of his petition, a valid labor certification pursuant to section 212(a)(14) of the Act must be obtained from the Department of Labor covering the occupation for which petitioned. 29 CFR 60, Schedule "A" provides for a blanket labor certification for certain listed occupations. The occupation of Agriculturist or Agronomist is not so listed and, therefore, an individual labor certification is required. On November 7, 1969 the Service requested such individual labor certification for the occupation of Agriculturist and on December 9, 1969 the certifying officer of the Department of Labor advised that "available job market information will not warrant a certification of unavailability of workers in the United States" and would not issue a certification.

On January 10, 1970, the District Director properly denied the petition for lack of the required certification and advised the petitioner that "—if you should obtain an offer of employment and your prospective employer is able to obtain an individual labor certification in your behalf he may petition to classify you as a sixth preference immigrant."

The record shows that subsequently, on February 13, 1970 a prospective employer, the owner of Wilshire Gardens, a retail discount nursery did execute Form ES-575B, "Job Offer for Alien Employment," in behalf of the appellant describing the job offer as "Agriculturist/Agronomist" and the duties of the position as follows: "As manager of the nursery he is in charge of supervising other employees, deals with customers, does the buying and selling of merchandise, ordering supplies; in carrying out the above must know methods of planting, the effects of various climatic conditions on plants; must develop and know about controls for noxious weeds, insect pests, plant diseases, etc. He advises customers on different types of fertilizers, conducts breeding studies and experiments in nursery using different types of plants, seeds, chemicals, etc; advises on pruning and treatment of plant diseases."

Form ES–575B, Job Offer, together with a newly executed ES–575A, "Statement of Qualifications of Alien," which stated that the appellant was seeking work as an "Agriculturist/Agronomist" was submitted to Labor for certification. The Department of Labor on the basis of documents presented, on June 17, 1970 did issue a certification, however, not for the profession of "Agriculturist/Agronomist" but for the occupation of "Nursery Manager" in the occupational code of 406.168.

Upon receipt of the labor certification for "Nursery Manager," counsel for appellant on June 26, 1970 requested the District Director to reconsider his denial of the original third preference petition for "Agriculturist/Agronomist" filed February 24, 1969. The District Director treated this request as a motion to reopen the case, which he did, and on November 23, 1970 again denied the petition. This denial was based on the fact that the position which the job offer covered and which was certified as "Nursery Manager" was not a profession as contemplated by the statute.

"Nursery Manager" is not classified as a profession. Entry into this occupation does not as a prerequisite require the minimum of a baccalaureate degree or its equivalent which is a common characteristic of occupations considered to be within the professions —Matter of Asuncion, 11 I. & N. Dec. 660. Volume II of the Dictionary of Occupational Titles, published by the Department of Labor, shows that occupations in the terminal three digit code of 168 (Nursery Manager 406.168) do not require the minimum of baccalaureate degree and states "Promotion from within is the most common method employed for filling positions in this group. In some cases, however, employers desire new ideas, new techniques, new procedures, and new personalities, and recruit from outside the organization." While the Dictionary does go on to say "Most of the large employers consider only those individuals who are recent college graduates," the fact remains that while some employers may want degree graduates, the requirement of a baccalaureate degree is not essential to the position of "Nursery Manager" and is not a prerequisite.

The decision of the District Director was proper. The petition before us is for the position of "Agriculturist/Agronomist" and cannot be approved for lack of the required labor certification. While petitioner has obtained a certification for the position of "Nursery Manager," that occupation is not within the professions and as such the petitioner cannot be recognized as a member of the professions eligible for classification under section 203 (a) (3) the Act.

Counsel on appeal argues that the petition should be granted since the petitioner by reason of his academic degree in Agriculture qualifies him as a member of the professions. We cannot agree. Even though he may be academically qualified, section 212(a)(14) of the Act requires a labor certification for that profession. The petitioner is not covered by any blanket certification and the Labor Department has declined to issue an individual certification for the profession of "Agriculturist/Agronomist."

Counsel also argues that "Nursery Manager" is so closely related to Agriculturist that the certification for "Nursery Manager" should cover the profession of Agriculturist. Again we cannot agree. Both are defined occupations in Volume 1 of the *Dictionary of Occupational Titles*. Each has a different industrial code number with different training and preparation requirements. We find that Agriculturist may be a profession while "Nursery Manager" is a nonprofessional occupation.

Counsel also states that appellant intends to follow the profession of Agriculturist and cites the *Matter of Semerjian*, 11 I. & N. Dec. 751 and *Matter of Saini*, 12 I. & N. Dec. 20. Intent is not an issue in the present case. A petitioner may well be qualified in a given recognized profession and have a bona fide intent to engage in that profession, but if not covered by a labor certification the petition cannot be approved regardless of any intent. Furthermore, both Semerjian and Saini were petitioning for professional occupations covered by a labor certification. The present petitioner has only a labor certification for a nonprofessional occupation.

Considering all the facts and evidence described above, we find that the appellant has failed to establish that he is eligible for preference classification under section 203(a)(3) of the Act. *Matter of Brantigan*, 11 I. & N. Dec. 493, holds that the burden of proof to establish eligibility for a desired preference rests with the appellant. That burden of proof has not been met. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be, and hereby is, dismissed.