MATTER OF RABBANI

In Visa Petition Proceedings

A-14985118

*Decided by District Director October 26, 1966*

Since a pharmacist is a member of the professions within the meaning of section 101(a)(32), Immigration and Nationality Act, as amended by P.L. 89-236, a visa petition is granted to accord preference classification under section 203 (a)(3) of the Act, as amended, to beneficiary, as a qualified pharmacist, where his foreign education in pharmacy has been evaluated by the U.S. Office of Education as being equivalent to an undergraduate degree in pharmacy from an accredited institution of higher learning in the United States and he has been working as a pharmacist and teacher of pharmacy since 1941.

The petition seeks third preference classification of the beneficiary as a member of the professions based upon his qualifications as a pharmacist.

The beneficiary received a Doctor of Pharmacy degree from Tehran University, Tehran, Iran, upon completion of a six-year course of study. The Office of Education, Washington, D.C., has certified that the beneficiary's degree is equivalent to an undergraduate degree from an accredited institution of higher learning in the United States. He was licensed as a pharmacist by the Ministry of Education, Tehran, Iran, in 1941, and was self-employed as a pharmacist in his own pharmacy from 1941 to 1963. From 1963 to the present time he has been employed as a teacher by the Pharmaceutical Branch of the Faculty of Medicine at the University of Tehran. We therefore find that the beneficiary is a pharmacist.

Section 101(a)(32) of the Immigration and Nationality Act, as amended, reads as follows:

The term "profession" shall include, but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries.

The issue here is whether or not the occupation of pharmacist comes within the purview of the term "profession." Volume II of the Dictionary of Occupational Titles, Second Edition, which deals with occu-

pational classification, lists pharmacists as members of the professions. As an indication of the educational requirements for the vocation of pharmacist, the following is quoted from the Occupational Outlook Handbook, 1966–67 Edition, published by the Bureau of Labor Statistics, United States Department of Labor:

The bachelor's degree in pharmacy is the minimum educational qualification for most positions in the profession. However, the master's or doctor's degree in pharmacy or a related field . . . is usually required for research work or college teaching. Graduate study is desirable also for pharmacists planning to work in hospitals.

That publication also states the following:

A license to practice pharmacy is required in all states and the District of Columbia. To obtain a license, one must be a graduate of an accredited pharmacy college, pass a State Board examination and, in most states, also have one year of practical experience under the supervision of a registered pharmacist.

The degree of education required for entry into the field of pharmacy is comparable to the degree of education required for the specific professions named under section 101 (a) (32). In view of the foregoing, it is concluded that the beneficiary possesses the education and experience to qualify him as a pharmacist and that a pharmacist is a member of the professions as contemplated by section 101 (a) (32).

ORDER: It is ordered that the petition to accord beneficiary third preference classification be and hereby is approved.

16