MATTER OF STAMATIADES

In Visa Petition Proceedings

A-10904242

*Decided by District Director June 8, 1966*

Since a biologist is a member of the professions within the meaning of section 203(a)(3), Immigration and Nationality Act, as amended by P.L. 89-236, a visa petition to accord third preference status to beneficiary, a qualified biologist, may be approved notwithstanding his current employment in the United States in a nonprofessional occupation.

The petitioner, a Clinical Professor of Anaesthesia at Harvard University and Director of Anaesthesia at the Peter Bent Brigham Hospital, Boston, Massachusetts, seeks to have the beneficiary classified under section 203(a)(3) of the Immigration and Nationality Act, as amended, which provides for immigrant visas to be made available "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

The beneficiary is a 36-year-old native and citizen of Greece. He attended the University of Istanbul from March 1954 to November 1955 and the University of Thessaloni for the academic year 1955-1956. His studies at each of these universities included chemistry. He was awarded the degree of Bachelor of Arts in Biology by Boston University in 1962 after attendance there since 1958. He attended West Virginia University from September 1962 to June 1965 in an unsuccessful attempt to obtain a master's degree in anatomy. He has employment at the Peter Bent Brigham Hospital as a laboratory technician.

On March 4, 1966, the Department of Labor, after reviewing the beneficiary's qualifications, issued a certification pursuant to section 212(a)(14) of the Act, as amended. The certification is to the effect that there are not sufficient qualified biologists available in the United States and that the employment of biologists will not adversely affect wages and working conditions of workers in the United States similarly employed.

Section 101(a)(32) of the Immigration and Nationality Act, as amended, provides that the term "profession" shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries. As the professions listed are not all-inclusive, we may consider other commonly used definitions of the term.

Webster's New International Dictionary contains the following definition of "profession":

The occupation, if not purely commercial, mechanical, agricultural, or the like, to which one devotes oneself; a calling in which one professes to have acquired some special knowledge used by way either of instructing, guiding, or advising others or of serving them in some art; as, the profession of arms, of teaching, of chemist. . . .

Pertinent hereto is a decision of the Supreme Court of the United States[1] holding that a chemist coming to the United States to work on a sugar plantation is a person belonging to a "recognized profession" within the meaning of the Act of March 3, 1891, excepting him from the contract labor prohibition of the Act of February 26, 1885, then in effect. The Court said, in part:

Although the study of chemistry is the study of science, yet a chemist who occupies himself in the practical use of his knowledge of chemistry, as his services may be demanded, may certainly, at this time, be fairly regarded as in the practice of a profession. One definition of a profession is an "employment, especially an employment requiring a learned education, as those of divinity, law and physic." (Worcester's Dictionary, title profession.) In the Century Dictionary the definition of the word "profession" is given, among others, as "A vocation in which a professed knowledge of some department of science or learning is used by its practical application to the affairs of others, either in advising, guiding, or teaching them, or in serving their interests or welfare in the practice of an art founded on it. Formerly, theology, law and medicine were specifically known as 'the professions'; but, as the applications of science and learning are extended to other departments of affairs, other vocations also receive the name. The word implies professed attainments in special knowledge, as distinguished from mere skill. A practical dealing with affairs, as distinguished from mere study or investigation; and an application of such knowledge to uses for others, as a vocation, as distinguished from its pursuit for its own purposes." There are professors of chemistry in all the chief colleges of the country. It is a science, the knowledge of which is to be acquired only after patient study and application. The chemist who places his knowledge acquired from a study of the science to the use of others, as he may be employed by them, and as a vocation for the purpose of his own maintenance, must certainly be regarded as one engaged in the practice of a profession which is generally recognized in this country.

The biological sciences are discussed in the "Occupational Outlook Handbook", a publication of the Department of Labor, pages 133–

---

[1] *United States* v. *Laws*, 163 U.S. 258, 266 (1896).

138. A related bachelor's degree is the minimum educational requirement for a beginning job as a biologist. Biological scientists engage in a wide field of activities, including teaching; management and administrative work such as planning, supervision and administration of programs of research or of testing of foods, drugs and other products. A substantial number are engaged in research and development. While some conduct basic research, from such basic research has stemmed the development of insecticides, disease-resistant crops, and antibiotics.

We find the beneficiary is a qualified biologist; that the occupation of biologist is comparable to that of the chemist and the engineer; and that as a biologist the beneficiary is a member of the professions within the meaning of the Immigration and Nationality Act, as amended.

The Immigration and Nationality Act, as amended, does not specify that a member of the professions must be coming to this country to engage immediately in the practice of his profession in order to qualify for third preference status. In fact, no prospective employer is required and the alien may petition in his own behalf. Thus if the beneficiary in the instant case were not presently employed the petition would be clearly approvable. The question before us, therefore, is whether the alien's present employment in a non-professional occupation as a laboratory technician precludes approval of a petition to accord him a third-preference classification as a member of the professions.

In many instances and frequently because of factors over which the alien has no control such as licensing and other local restrictions, he may be forced to accept any available employment for a period of time after arrival before entering into professional practice. On March 18, 1965 the Secretary of Labor testified before a subcommittee of the House Committee on the Judiciary regarding certain aspects of H.R. 2580 which, as amended, was enacted as P.L. 89-236. In advocating that specific job offers not be required for highly educated and specialized immigrants, such as those now encompassed in the third preference, the Secretary stated that the addition to this country of those immigrants would be a definite boon to the American culture and workforce. He agreed that this would be so even if the alien would not occupy one of the specific skills for which he merited consideration as a preference alien, and stated that the alien should be "free to climb." [2]

[2] Hearings on H.R. 2580 before a Subcommittee of the House Committee on the Judiciary, 89th Cong., 1st Sess., ser. 7, at 125 (1965).

Interim Decision #1594.

It is concluded, therefore, that an alien's current employment in the United States in a non-professional occupation does not preclude approval of a petition to accord him third preference classification if he is determined to be a qualified member of the professions.

On the basis of the foregoing, the petition will be approved.

**ORDER:** It is ordered that the petition be approved.