MATTER OF NAUFAHU

In Visa Petition Proceedings

A-13638868

*Decided by Regional Commissioner November 28, 1966*

Petitioner, who studied law, was issued a license to practice law, and practiced law in Tonga from 1952 to 1963, is qualified, as a lawyer, for classification as a member of the professions within the meaning of section 101(a) (32) of the Immigration and Nationality Act, as amended by P.L. 89–236, and notwithstanding the prerequisite of U.S. citizenship may preclude him from immediately engaging in his profession in this country, he is eligible for preference status under section 203(a)(3) of the Act, as amended, since he is continuing his study of law and allegedly desires and intends to practice his profession as soon as found legally qualified to do so.

**Discussion:** This case comes forward on appeal from the decision of the District Director, San Francisco, who denied the petition on May 31, 1966, in that the petitioner has abandoned his practice as a lawyer and does not intend to continue practice as a lawyer.

Counsel for petitioner requested oral argument on appeal, which was granted and oral argument was heard July 20, 1966.

Petitioner is a 40-year-old married male, a native and citizen of Tonga. He was admitted to the United States at Honolulu, Hawaii, May 28, 1963, to May 27, 1964, as a student destined to Utah State University, where he enrolled in a business and social science course. He attended school for one year and then came to California. While attending school in Utah he was variously employed as a laborer by a packing company and by Gibbon and Reed Company of Salt Lake and as a parking lot attendant by the University of Utah. Upon arrival in California in the fall of 1964 he obtained employment with the Peninsula Golf and Country Club in San Mateo, California, as a dishwasher.

On February 4, 1966, he submitted the instant petition for classification for preference under section 203(a)(3) of the Act, as amended, in his own behalf. In this petition he shows his profession

904

or occupation as "lawyer" and states that he intends to engage in that profession. Section 203(a)(3) of the Act, as amended, provides that visas shall be made available "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests or welfare of the United States."

Section 101(a)(32) of the Act defines the term "profession" and includes the profession of "lawyer".

Section 212(a)(14) of the Act provides for the exclusion of certain aliens unless the Secretary of Labor has certified that there are not sufficient workers in the United States who are able, willing, qualified and available and that the employment of such aliens will not adversely affect the wages and working conditions of workers in the United States in similar employment. Part 204.2(f), Title 8, Code of Federal Regulations, specifies that such a certification is required before a visa petition may be approved to accord an alien preference classification under section 203(a)(3) of the Act.

The Department of Labor reviewed the petitioner's application for certification and his qualifications for the profession of lawyer and on April 29, 1966, issued the appropriate certification and concluded that petitioner appeared qualified for classification as a lawyer.

The conclusion of the Department of Labor that petitioner appeared to qualify as a lawyer is advisory by nature. We find that he is so qualified. The fact that a person obtained a baccalaureate degree in any field does not necessarily qualify him for recognition as a member of the professions. Generally, though, a person may be considered as a member of a profession if he has successfully completed an education which is equivalent, at a minimum, to a baccalaureate degree following four years of university level studies, which qualifies him to enter a field of endeavor requiring highly specialized knowledge of an advance type, for which such education is a realistic prerequisite. However, a person may also establish that he is a member of the professions by other means, such as independent study, ability, talent, honors and experience. In *Matter of Strippa*, Interim Decision #1602, it is stated, "Cognizance may be taken of the fact that an individual may be accorded recognition as a member of a particular profession where he may lack the requisite high education but has had special training and extensive practical experience in such work."

As evidence of his qualifications as a lawyer, petitioner presented a letter under the seal of the Justice Department, Nuku'alofa, Tonga,

Interim Decision #1671

dated December 13, 1962, by the Registrar of the Supreme Court of Tonga as follows:

"TO WHOM IT MAY CONCERN:

This is a certificate from the Tonga Government Law Society certifying law units that TEVITA NAUFAHU TALAKAI has passed.

| 1949–1952 Written in Tongan | Grading |
|---|---|
| Constitution Law | A |
| Magistrate & Supreme Court Law | A |
| Evidence Law | B |
| Criminal Law | A |
| Lands Law | B |
| Contract Law | B |
| *1961 Written in English* | |
| Constitution Law | A |
| Magistrate & Supreme Court Law | A |
| Evidence Law | B |
| Criminal Law | A |
| Lands Law | B |
| Contract Law | A |

The above named person studied law under the auspices of the Tonga Government Law Society from 1954–1961 and he was examined by His Lordship Justice D. B. Hunter, B.A., LL.B (Australia) who is the Judge of the Supreme Court of Tonga."

He also presented a "lawyer's license" under the seal of the Supreme Court of Tonga, issued by the Registrar of the Supreme Court of Tonga, showing the issuance of a lawyer's license to practice law dated January 12, 1962.

In his "Statement of Qualifications" petitioner shows that he studied law with the Tonga Government Law Society in Tonga from 1946 to 1952 and was issued a lawyer's license to practice law in the Tongan language and further studied with the same law society in the English language from 1954 to 1961 and was issued a license to practice law in the English language in 1961. He has also alleged that from January 1952 to May 1963 he was engaged in the "general practice of law; represent clients in both criminal and civil matters; drafting contracts and all necessary legal documents and appear in courts as required." He has also stated that from February 1956 to May 1963 he was employed by the Audit Department of the Government of Tonga, where he checked and reviewed records of all government departments to assure compliance with Tongan laws.

On appeal counsel presented a letter with the seal of the Justice Department of Tonga by the Registrar of the Supreme Court of Tonga dated August 2, 1966 as follows:

"This is to certify that TEVITA NAUFAHU LA'IAFI, formerly a resident of Nuku'alofa, Tongatapu in the Kingdom of Tonga was qualified as Lawyer

906

in the year 1952 to act as a Representative in the Courts of Tonga, and obtained first issue of his Lawyer's License under the hand and seal of the Supreme Court Judge of Tonga in that year.
The last renewal of his Lawyer's License was in 1962."

Counsel also presented a letter from the "Lawyer and Legal Advisor and Representative in Parliament," Tonga Government, dated July 25, 1966, which attests to the petitioner's qualifications and ability and work performed as a lawyer in Magistrate and Supreme Courts of Tonga from 1952 to 1963.

Counsel in his brief points out that petitioner has not been permitted to practice law in the State of California because, "the practice of law in the State of California is limited to United States citizens." He points out that petitioner still has the desire and intent to practice his profession as soon as the legal requirements of the State of California can be met. As evidence of petitioner's continued efforts to qualify he has presented a letter from the Blackstone School of Law dated June 16, 1966, by the Vice-President of the school, which reads: "This is in answer to your letter of the 14th, regarding Mr. Naufahu's enrollment with us. Yes, he is enrolled with us and has been for a little over a year." (Petitioner started the Blackstone Law course in February 1965.)

Counsel also points out that the "Business and Professional Code of California, section 6060, provides that law office study may be substituted for college or university study for admission to the Bar in the state." It is further noted that in *Matter of Stamatiades*, Int. Dec. No. 1594, decided by the District Director on June 8, 1966, it is stated: "The Immigration and Nationality Act, as amended, does not specify that a member of the professions must be coming to this country to engage immediately in the practice of his profession in order to qualify for third preference status . . .", and "In many instances and frequently because of factors over which the alien has no control such as licensing and other local restrictions, he may be forced to accept any available employment for a period of time after arrival before entering into professional practice."

Since an applicant for a visa under section 203(a)(3) may be a member of a profession for which a license, or even citizenship may be a prerequisite before he may engage in his professional endeavor, we do not read into the statutes or regulations, a requirement that the applicant must be able to engage in the qualifying profession immediately if admitted to the United States. It is sufficient if he can show a bona fide purpose or intent to work in the United States in his qualifying endeavor.

The petitioner is continuing his study of law and has alleged that he is continuing with the desire and intent to practice his profession as soon as found legally qualified.

Considering all factors as described above, it must be found that the petitioner is a member of the professions and intends and desires to practice his profession in the United States and that he meets the requirements for preference classification under section 203(a)(3) of the Act. The appeal will be sustained and the petition granted.

ORDER: It is ordered that the appeal be sustained and the petition granted.