## MATTER OF CHU

### In Visa Petition Proceedings

### A-12076712

*Decided by Regional Commissioner October 7, 1966*

Beneficiary, who has obtained a baccalaureate degree in business administration from an accredited college, is a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended by P.L. 89-236, and notwithstanding his current employment in a nonprofessional capacity as an office equipment salesman, he is eligible for preference classification under section 203(a)(3) of the Act, as amended, since he is just starting, and expects and intends to continue, in his business career.

**Discussion:** This case comes forward on appeal from the decision of the District Director, Los Angeles, who denied the petition on June 2, 1966, in that the beneficiary, who is employed as an office equipment salesman, is not engaged in a profession and, therefore, not eligible for classification under section 203(a)(3).

Petition was filed February 9, 1966, by the beneficiary in his own behalf. On appeal beneficiary requested oral argument, which was granted with date for appearance set for October 5, 1966. Beneficiary failed to appear as scheduled and not having requested postponement or otherwise corresponding with the Service, the decision will be made on the record at hand.

The beneficiary is a 26-year-old single male, a native and citizen of China, last a resident of Hong Kong. He was first admitted to the United States at Honolulu, Hawaii, on September 10, 1960, as a student destined to California State Polytechnic College, Pomona, California, which he attended for two years, enrolled in the field of business administration. He then transferred to Loras College, Dubuque, Iowa, which he attended until his graduation with a bachelor of arts degree in business administration in May 1965. After the completion of the academic school year ending in the spring of 1964, he had returned to Hong Kong to visit his parents and was subsequntly readmitted as a student at Honolulu on September 8, 1964, to complete his college work at Loras College.

Upon completion of college beneficiary came to Los Angeles, California, where he was first employed by the American National Insurance Company as an insurance agent from August 1965 to December 1965. He then began his present employment with Burroughs Corporation of El Monte, California, in the office equipment sales division as an office equipment salesman.

Section 212(a)(14) of the Immigration and Nationality Act provides for the exclusion of certain aliens unless the Secretary of Labor has certified that there are not sufficient workers in the United States who are able, willing, qualified and available and that the employment of such aliens will not adversely affect the wages and working conditions of workers in the United States in similar employment. That provision applies to preference immigrant aliens described in section 203(a)(3) of that Act.

In support of his petition the beneficiary presented Form ES-575, "Statement of Qualifications," which had been reviewed by the Department of Labor and who on April 21, 1965, issued the appropriate certification. That department also advised that the beneficiary appeared qualified for classification as a member of the professions by reason of his educational background.

Section 203(a)(3) of the Act as amended provides that visas shall be made available "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests or welfare of the United States."

Section 101(a)(32) defines "profession" as follows: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

As indicated, the professions listed in section 101(a)(32) of the Act are not all inclusive and we may consider other occupations as falling within the meaning of the term "profession." *Matter of Shin*, Interim Decision No. 1606, indicates that professions are vocations which "require specialized training that is normally attained through high education of a type for which a bachelor's degree can be obtained . . ." That decision also states that the knowledge acquired through such education (or equivalent training) must be of a "nature that is a realistic prerequisite to entry into the particular field of endeavor."

Volume II of the Dictionary of Occupational Titles places those occupations related to the field of business administration into the two digit code group 16, "Occupations in administrative specializa-

tions" which are classed as professional. The Department of Labor in a letter to this Service dated August 15, 1966, stated in part in regard to the present case:

"Mr. Chu's degree in Business Administration was given by an accredited United States college. Graduates of business administration courses may qualify for several occupations coded as professional in the second edition of the Dictionary of Occupational Titles, e.g., Accountant, Auditor, Property-Rehabilitation Clerk (in insurance), Dealer-Contact Man, Employment Manager, Personnel Manager, Salary and Wage Administrator, Field Representative, to name some. Business Administration graduates may qualify for a greater number of professional occupations defined in the third edition of the DOT."

We agree with the Department of Labor that occupations in business administration for which a person qualifies by reason of high education are professional occupations.

If the beneficiary were unemployed and was seeking employment in an occupation in business administration, he would no doubt be found qualified for third preference classification.

The District Director found that the beneficiary was employed as an office equipment salesman, which is found in Volume II in the Dictionary of Occupational Titles to be in the two digit, 2–, group code as a sales and service occupation and which is not classified as a profession.

However, the beneficiary's qualifying vocation is in business administration, which is a profession. The fact that he may not now be employed in a qualifying profession does not preclude him from being classified as a member of the professions, eligible for third preference. *Matter of Stamatiades*, Interim Decision No. 1594, states "the question before us therefore, is whether the alien's present employment in a nonprofessional occupation as a laboratory technician precludes approval of a petition to accord him third preference classification as a member of the professions," and concludes as follows: "It is concluded therefore that an alien's current employment in the United States in a nonprofessional occupation does not preclude approval of a petition to accord him third preference classification if he is determined to be a qualified member of the professions." This interim decision further states, "The Immigration and Nationality Act, as amended, does not specify that a member of the professions must be coming to this country to engage immediately in the practice of his profession in order to qualify for third preference status . . :" "In many instances and frequently because of factors over which the alien has no control such as licensing and other local restrictions, he may be forced to accept any available employment for a period of time after arrival before entering into professional practice." On

March 18, 1965 the Secretary of Labor testified before a subcommittee of the House Committee on the Judiciary regarding certain aspects of H.R. 2580 which, as amended, was enacted as P.L. 89-236. In advocating that specific job offers not be required for highly educated and specialized immigrants, such as those now encompassed in the third preference, the Secretary stated that the addition to this country of those immigrants would be a definite boon to the American culture and workforce. He agreed that this would be so even if the alien would not occupy one of the specific skills for which he merited consideration as a preference alien, and stated that the alien should be "free to climb."

The Branch Manager of the Burrough's Corporation, by whom the beneficiary is employed, in a letter dated February 11, 1966, in reference to the beneficiary stated: "His background of a college degree and accounting fulfills the unique requirement we need to fill our sales positions. Their duty is to analyze systems in various offices and show how mechanized accounting assists customer to get more current information and a much more efficient operation. He must also install and train on these systems."

"Peter Chu has the college and accounting background we need. He is doing an excellent job at the present time, and I would appreciate any help you can give him to stay with us."

The beneficiary in his appeal stated: "My job with Burroughs is not merely a sales job, but a combination of sales and business consulting which requires extensive studies and college accounting background."

The beneficiary is a recent college graduate and as yet does not have a permanent lawful status in the United States. It is not a reflection on his ability that he is starting a business career on a lower rung on the ladder of success. He expects and intends to continue in his business career and by reasons of his academic training for a professional career can climb to higher rungs and he should be "free to climb."

Considering all factors as described above it must be found that the petitioner is a member of the professions, who intends and desires to practice his profession in the United States and that he meets the requirements for preference classification under section 203(a)(3) of the Act. The appeal will be sustained and the petition granted.

ORDER: It is ordered that the appeal be sustained and the petition granted.