MATTER OF KIM

In Visa Petition Proceedings

A-17238448

*Decided by Regional Commissioner October 4, 1968*

Notwithstanding beneficiary is a qualified pharmacist and, hence, a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, he is ineligible for preference status under section 203(a)(3) of the Act since he is not presently engaged, nor does he intend to engage, in the profession of pharmacist.

ON BEHALF OF PETITIONER:   John F. Sheffield, Esquire
                           412 West Sixth Street
                           Los Angeles, California 90014

This case comes forward on appeal from the decision of the District Director, Los Angeles, who denied the petition on August 13, 1968 in that the petitioner did not intend to engage in his qualifying profession in the United States.

Oral argument was requested and granted. Subsequently, counsel advised that he would not appear for oral argument. Decision will be made on the record at hand.

The petitioner is a 29-year-old single male, a native and citizen of Korea who was admitted to the United States as a visitor on October 4, 1967 and granted extensions of stay in that status to May 4, 1968. He filed the present petition for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as amended, as a member of the professions as a pharmacist on April 4, 1968.

The record shows that the petitioner was awarded a Bachelor of Science degree in Pharmacy by a university in Korea in February 1962 and was granted a license to practice pharmacy in Korea on March 25, 1963. From August 1962 to February 1965 he was employed as a pharmacist by an infirmary unit of the United States Army in Korea. From May 1965 to October 1967 he was self-employed as a pharmacist in Korea, running his own pharmacy, and since November 1967 to the present time has been

employed by a clinical laboratory in Los Angeles as a laboratory assistant testing blood and serums.

Section 101(a)(32) of the Act, as amended, defines the term "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries.

In the *Matter of Asuncion*, 11 I. & N. Dec. 660, it is stated:

Examination of the occupations named in section 101(a)(32) of the Act, indicates the following characteristics common to all: (1) recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

Pharmacy is a profession—*Matter of Rabbani*, 12 I. & N. Dec. 15. Pharmacy is listed as a specialty in Schedule A, Group II of 29 CFR 20 as covered by the blanket certification of the Secretary of Labor pursuant to section 212(a)(14) of the Act.

Petitioner appears academically qualified as a pharmacist by reason of his high education and past work experience in that field. However, he is not now employed and has not indicated that he will be employed in a professional occupation as a pharmacist. He is, at present, employed as a laboratory assistant and in an affidavit to an officer of this Service on July 25, 1968, stated he intended "to continue with this employment permanently." He further stated that he was registered as a clinical laboratory technologist trainee and that after one year would be eligible for a license as a laboratory technologist. The occupations of laboratory assistant, clinical laboratory technologist, and laboratory technologist are not classifed as professional occupations. The academic training and work experience required for entry into these occupations is less than a baccalaureate degree and does not meet the high education and experience requirements characteristic of the professions.

*Matter of Shin*, 11 I. & N. Dec. 686, holds that: "The mere acquisition of a degree or equivalent experience does not, of itself, qualify a person as a member of a "profession."

The *Matter of Semerjian*, 11 I. & N. Dec. 751, points out that while a person may be academically qualified for a profession, that person must also establish that he intends to engage in that qualifying occupation in the United States to be eligible for preference classification under section 203(a)(3) of the Act.

In the present case petitioner is employed in a nonprofessional occupation and has indicated that he intends to continue in that

nonprofessional occupation permanently. While he may be academically qualified as a member of the professions as a pharmacist, he does not intend to engage in that profession. The decision of the District Director was proper. The petitioner is not eligible for the preference classification he seeks. The appeal will be dismissed.

The denial of the petition is without prejudice to the consideration for sixth preference classification, should the petitioner obtain a definite offer of employment from a prospective employer in the United States seeking his services and an appropriate certification be issued by the Department of Labor.

**ORDER:** It is ordered that the appeal be dismissed.