**Antonio FACTORA, Petitioner,**

v.

**DISTRICT DIRECTOR OF the U. S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Civ. No. 68–956.

United States District Court
C. D. California.

Oct. 18, 1968.

Hiram W. Kwan, Los Angeles, Cal., for petitioner.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, and Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

HAUK, District Judge.

Petitioner filed a Petition for Judicial Review herein alleging that the respondent erroneously and arbitrarily denied his Petition for Classification under Section 203(a) (3) of the Immigration and Nationality Act of 1952, as amended.[1] The petition sought a judgment declaring that the denial of the petition was arbitrary, an abuse of discretion and contrary to law, and that petitioner was entitled to preference status under Sections 203(a) (3)[2] as a member of the professions.

Without filing an answer, respondent filed a Motion for Summary Judgment pursuant to Rule 56(b)[3] and 56(c)[4] of

---

1. 8 U.S.C. § 1153(a) (3):

Section 1153. ALLOCATION OF IMMIGRANT VISAS—CATEGORIES OF PREFERENCE PRIORITIES; PER CENTUM LIMITATIONS; CONDITIONAL ENTRIES; WAITING LISTS

(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

 * * * * *

(3) Visas shall next be made available, in a number not to exceed 10 per centum of the number specified in section 1151(a) (ii) of this title, to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States.

2. *Ibid.* Sometimes called third preference classification.

3. Fed.Rules Civ.Proc. rule 56(b) and (c):

Rule 56. SUMMARY JUDGMENT

 * * * * *

(b) *For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c) *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

4. *Ibid.*

the Federal Rules of Civil Procedure, on the grounds that there is no genuine issue as to any material fact and that the respondent is entitled to judgment as a matter of law.

Respondent filed the Certified Administrative Record of the Immigration and Naturalization Service proceedings as well as a Memorandum of Points and Authorities in Support of the Motion for Summary Judgment. Petitioner filed a Memorandum in Opposition to Respondent's Motion for Summary Judgment. The facts as set forth in the Petition, the Certified Administrative Record, and agreed upon in the memoranda and oral argument are now recited.

Petitioner is a 32-year old native and citizen of the Republic of the Philippines. He first entered the United States at Honolulu, Hawaii, December 5, 1966, as a visitor for pleasure, and received extensions of stay in that status to December 1, 1967.

On October 2, 1967, petitioner filed a petition in his own behalf for preference classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended.[5] Petitioner sought this classification by alleging his qualifications as a member of the profession of business administration. In support of the petition, he submitted evidence of his education and work experience. This evidence shows that petitioner graduated from the University of Santo Tomas,

Manila, Philippines, in 1961 with a Bachelor of Science degree in commerce. He was the manager of a gasoline station from 1961 to 1962, and an administrative aide in the Social Welfare Department from 1962 to 1963. Following a year's employment as an accountant, he served as confidential aide to a senator in the Philippines from 1964 to 1966. From July, 1967 to February, 1968, he was employed as an accounting clerk in the offices of Merrill, Lynch, Pierce, Fenner and Smith, Los Angeles, California. Since February, 1968, he has been employed in the same capacity by the Pacific Coast Stock Exchange.

On the basis of petitioner's education and work experience, the Bureau of Employment Security, United States Department of Labor, issued the certification required by Section 212(a) (14) of the Immigration and Nationality Act,[6] listing petitioner as an "account analyst (banking.)"

In a written decision dated March 13, 1968, respondent denied petitioner's petition on the grounds that petitioner's academic degree did not qualify him as a member of the professions, and that his employment in a non-professional occupation was evidence that he did not intend to engage in a professional occupation. Petitioner filed an appeal with the Regional Commissioner of the Immigration and Naturalization Service for the Southwest Region, which was dismissed by written decision on May 8, 1968.

---

5. See Footnote 1.

6. 8 U.S.C. § 1182(a) (14):
 Section 1182: GENERAL CLASSES OF ALIENS INELIGIBLE TO RECEIVE VISAS AND EXCLUDED FROM ADMISSION; WAIVERS OF INADMISSIBLILTY
 (a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
 *　　*　　*　　*　　*
 (14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined

and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply * * * to preference immigrant aliens described in sections 1153(a) (3) and 1153(a) (6) of this title * * *.

On June 7, 1968, petitioner commenced this action by filing a Petition for Judicial Review under Chapter 7 of the Administrative Procedure Act [7] and the Declaratory Judgment Act.[8]

Since the parties to this action have agreed that there are no questions of fact to be tried and that the case is ripe for summary judgment, the only issues remaining to be decided are whether or not respondent's decision is contrary to law and hence, whether it should be affirmed or vacated. The Court has reviewed the pleadings, memoranda and exhibits submitted by the parties and the Certified Administrative Record.

On the basis of all this material and the arguments of both parties, the Court now renders its decision.

## DECISION

*Respondent Erred in Denying Petitioner's Petition for Preference Classification Under Section 203(a) (3) of the Immigration and Nationality Act and His Decision Should be Vacated.*

■ Although respondent filed a motion for summary judgment, the Court may enter judgment for either party where both parties have agreed that there is no dispute as to the facts and that the case is ready for judgment. The Court may enter summary judgment for petitioner without requiring the filing of a cross-motion. Walter v. Dunlap, 250 F.Supp. 76 (D.C.Pa.1966), affirmed 368 F.2d 118 (3rd Cir. 1966).

Section 203(a) (3) of the Immigration and Nationality Act of 1952, as amended, provides that preference shall be given to qualified members of the professions in the allotment of visas.[9] The term "profession" is defined by Section 101 (a) (32) of the Act,[10] to "include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

The Immigration and Naturalization Service is charged with the enforcement of this provision as well as the other provisions of the Immigration and Nationality Act. Accordingly, that Service issues written decisions interpreting the provisions of the Act and their application to persons invoking those provisions.

■ Petitioner sought preference classification based on his qualification as a member of the profession of business administration. The Immigration and Naturalization Service has recognized business administration as a profession within the meaning of Section 101(a) (32). Matter of Chu, 11 I & N Dec. 881 (1966). Matter of Chu cites Matter of Shin, 11 I & N Dec. 686 (1966), for an extensive discussion of the meaning of the term "profession" and concludes that business administration is encompassed in this definition. It further concludes that a baccalaureate degree in business administration from an accredited college or university is sufficient to qualify a person as a member of this profession.

■ The evidence before the Court reveals that Petitioner's Bachelor of Science degree in Commerce is equivalent to a baccalaureate degree in business administration. Petitioner raised this contention in the administrative proceedings as well as before this Court and respondent has acquiesced in such a determination. The Court takes notice that petitioner's degree is from the University of Santo Tomas, an internationally recognized institution of higher learning. The evidence supports a determination that petitioner has met the degree rquirements set forth in the *Chu* decision. To hold otherwise would be contrary to recognized precedent and standards promulgated by the Immigration and Naturalization Service.

■ However, a cogent consideration advanced by respondent for denying the petition for preference classification was that petitioner had not shown an intent to engage in a professional occupation.

7. 5 U.S.C. § 701 et seq.
8. 28 U.S.C. § 2201.

9. See Footnote (1).
10. 8 U.S.C. § 1101(a) (32).

The Immigration Service requires that a person seeking preference classification must show a bona fide intent to engage in his professional occupation. This standard has been variously interpreted in its application to a variety of situations. The Immigration and Naturalization Service has recognized that many aliens cannot practice their professions immediately after entry into the United States and still it has found the requisite intent where the aliens have not engaged in activity that would evidence a conflicting intent. Employment in a nonprofessional occupation does not of itself preclude an alien from being classified as a member of the professions, eligible for third preference. Matter of Stamatiades, 11 I & N Dec. 643 (1966); Matter of Chu, supra; Matter of Naufahu, 11 I & N Dec. 904 (1966).

The language of the *Chu* case is particularly relevant in considering the present case:

> "On March 18, 1965, the Secretary of Labor testified before a subcommittee of the House Committee on the Judiciary regarding certain aspects of H.R. 2580 which, as amended, was enacted as P.L. 89–236. In advocating that specific job offers not be required for highly educated and specialized immigrants, such as those now encompassed in the third preference, the Secretary stated that the addition to this country of those immigrants would be a definite boon to the American culture and work force. He agreed that this would be so even if the alien would not occupy one of the specific skills for which he merited consideration as a preference alien, and stated that the alien should be 'free to climb'."
>
> \* \* \* \* \* \*
>
> "The beneficiary is a recent college graduate and as yet does not have a permanent lawful status in the United States. It is not a reflection on

his ability that he is starting a business career on a lower rung on the ladder of success. He expects and intends to continue in his business career and by reasons of his academic training for a professional career can climb to higher rungs and he should be 'free to climb'."

This quotation is favorably cited in Matter of Tenorio, A14 697 692 (1968),[11] an unreported decision of the Regional Commissioner for the Southwest Region.[12] In that case the alien was a native and citizen of the Philippines who had obtained a Bachelor of Business Administration degree at the University of the East. A copy of her academic transcript from that University was included in petitioner's exhibits and proved to be almost identical to petitioner's own academic record. Miss Tenorio was also employed as an accounting clerk at the time of her petition. Thus, the factual situation in *Tenorio* was almost identical with that in the present case and the Regional Commissioner held that the petitioner was entitled to preference classification as a member of the profession of business administration.

In light of the administrative record in the present case and the decisions of the Immigration Service in the *Chu* and *Tenorio* cases, the decision of respondent cannot be upheld. It is arbitrary and capricious to grant some aliens preference status and deny that status to other alien petitioners when the facts of the case are the same and they have met the same high standards.

Respondent argued that a determination of a petition for preference status is committed to the discretion of respondent and that the Court is limited in its review to determining whether or not there has been an abuse of that discretion. There are two distinct lines of case law on the question of whether this is a matter of agency discretion.

Those cases holding that such a determination is discretionary are based

---

11. A copy of *Matter of Tenorio* is included as an appendix to this decision.

12. The Southwest Region includes this immigration district.

on the decision of the Seventh Circuit in Roumeliotis v. Immigration and Naturalization Service, 304 F.2d 453 (7th Cir. 1962), cert. denied, 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230 (1962).

The Court in *Roumeliotis* was careful to note that the petitioners in that case were seeking such a determination as a means of obtaining relief from an Order of Deportation. Under those circumstances, the court held that the petitioners were seeking discretionary relief from deportation and, hence, original jurisdiction to review the matter was conferred on the Court of Appeals. There is no mention of whether or not the denial of a preference petition is discretionary where the petitioner is not seeking approval of a visa petition as a means of obtaining discretionary relief from an Order of Deportation.

That specific question was considered in Bergen Dress Company v. Bouchard, 304 F.2d 145 (3rd Cir., 1962). There, the court quoted Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962) in holding that this was not a matter of agency discretion and that the petitioner would not be deprived of the full benefit of Section 10 of the Administrative Procedure Act.[13] This court is inclined to adopt the decision of the Third Circuit in this case. The reasoning in that decision is sound and the facts relate closely to the present case, whereas *Roumeliotis* deals with a distinctly different situation.

 However, the adoption of either standard does not materially alter the court's decision in this case. In holding that respondent's decision was arbitrary and capricious, it is clear that such a determination embraces a finding that the decision was contrary to law or an abuse of discretion. The Court may vacate the decision of respondent when, as here, it is not supported by the evidence, or it appears from the record that a mistake has been made. Ng Yip Yee v. Barber, 267 F.2d 206 (9th Cir. 1959).

In accordance with the foregoing, which shall also constitute Findings of Fact and Conclusions of Law, the Court now makes its formal Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Petitioner, a native and citizen of the Philippines, instituted this action for review of the District Director's decision denying his Petition for Classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(a) (3).

2. Petitioner sought classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(2) (3), based on his qualification as a member of the profession of business administration.

3. Respondent, District Director, denied the petition on the ground that petitioner's academic degree did not qualify him as a member of the professions and that he had shown no intent to engage in a professional occupation.

4. Petitioner claims that the District Director erred in finding that he did not qualify as a member of the professions.

5. The evidence shows that the petitioner has a Bachelor of Science degree in Commerce from the University of Santo Tomas, Manila, Philippines and that such a degree is equivalent to a baccalaureate degree in business administration.

6. The evidence further shows that the petitioner has the following work history: Manager of a gasoline station in the Philippines from 1961–1962; administrative aide in the Social Welfare Department of the Philippines from 1962–1963; accountant for a Manila firm from 1963–1964; confidential aide to a Phillippine Senator from 1964–1966; accounting clerk for Merrill, Lynch, Pierce, Fenner and Smith, Los Angeles, California from July, 1967 to February, 1967; accounting clerk at the Pacific

13. 5 U.S.C. § 1009 (now Chapter 7 of the Administrative Procedure Act, 5 U.S.C. § 706).

Coast Stock Exchange since February, 1968.

7. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are also found by the Court to be true in all respects.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction of this action.

### II

This Court has jurisdiction of the parties to this action.

### III

The Immigration and Naturalization Service has found that business administration is a profession within the meaning of Section 101(a) (32) of the Immigration and Nationality Act (8 U.S.C. § 1101(a) (32)) and Section 203(a) (3) of the Immigration and Nationality Act (8 U.S.C. § 1153(a) (3)).

### IV

The Immigration and Naturalization Service has found that a baccalaureate degree in business administration from an accredited school is sufficient to qualify a person as a member of the profession of business administration.

### V

The Immigration and Naturalization Service has determined that employment in a nonprofessional occupation does not of itself preclude an alien from being classified as a member of the professions under Section 203(a) (3) of the Immigration and Nationality Act, as amended (8 U.S.C. § 1153(a) (3)).

### VI

The District Director's decision that petitioner failed to establish that he qualifies as a member of the professions is arbitrary, capricious and contrary to law.

### VII

The reasons advanced by the District Director in his decision do not support a denial of petitioner's petition for classification under Section 203(a) (3) of the Immigration and Nationality Act (8 U.S.C. § 1153(a) (3)).

### VIII

In light of Matter of Chu, 11 I & N Dec. 881, and Matter of Tenorio, A14 697, 962, petitioner should be entitled to the classification he seeks, unless the District Director, or other official of the Immigration and Naturalization Service, can advance sufficient reasons for denying such classification to the petitioner.

### IX

Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

### X

Judgment should be entered in favor of petitioner and against respondent, vacating the decision of the District Director that petitioner is not eligible for a preference classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended (8 U.S.C. § 1153(a) (3)).

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, it is hereby ordered that Judgment be entered for petitioner, Antonio Factora, and against respondent, District Director of the United States Immigration and Naturalization Service, vacating the decision of the respondent that petitioner is not eligible for a preference classification as a member of the professions under Section 203(a) (3) of the Immigration and Nationality Act, as amended (8 U.S.C. § 1153(a) (3)).

It is further ordered that the respondent, District Director of the United States Immigration and Naturalization Service, reconsider petitioner's Petition for Classification under Section 203(a) (3) of the Immigration and Nationality Act or designate some other official of the United States Immigration and Naturalization Service to reconsider the petition.

Let judgment be entered accordingly.

APPENDIX

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
SOUTHWEST REGION

SAN PEDRO, CALIFORNIA

OFFICE OF THE REGIONAL COMMISSIONER PLEASE REFER TO THIS
 FILE NO.

January 15, 1968

FILE: A14 697 962 – San Francisco

IN RE: Petition by Doris Cruz Tenorio in behalf of self

PETITION FOR PREFERENCE CLASSIFICATION UNDER SECTION 203(a)(3) OF THE IMMIGRATION AND NATIONALITY ACT, AS AMENDED

IN BEHALF OF PETITIONER: Hiram W. Kwan
 Attorney at Law
 1011 North Broadway, Suite 203
 Los Angeles, California 90012

This case comes forward on appeal from the decision of the District Director, San Francisco, who on November 27, 1967, denied the instant petition in that the petitioner has failed to establish that she is a qualified member of the professions or that the occupation in which the petioner will engage in the United States qualifies her for preference classification as a member of the professions as provided by Section 203(a)(3) of the Immigration and Nationality Act, as amended.

The petitioner is a 27-year-old unmarried female Philippine national. She was admitted as a visitor June 28, 1965. On February 1, 1966 her application for a change of status to student was approved by this Service. On October 17, 1966 a sixth preference petition was filed in her behalf but subsequently withdrawn by counsel. On May 23, 1967, she filed in her own behalf the instant petition for classification as a member of the professions under Section 203(a)(3) of the Act, as amended.

The record shows that the petitioner attended the University of the East, Manila, Philippine Islands from 1957 to 1960, graduating therefrom with a Bachelor of Business Administration. Thereafter she was employed as a Research-statistical clerk by the Manufacturer's Bank and Trust Company in Manila, Philippine Islands. Following her admission to the United States in 1965, she took employment as a full-time, live-in domestic.

On appeal counsel advised that since January 1967 the petitioner has been employed full time as an accounting clerk in the finance and leasing department of a bank in San Francisio, California, and that she has continued to reside with her last employer doing part-time housekeeping chores in exchange for room and board. It is asserted and remains unchallenged that the petitioner fully intends to pursue here her qualifying profession, i. e., business administration.

Section 203(a)(3) of the Act as amended provides that visas shall be made available "to qualified immigrants who are members of the pro-

fessions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy cultural interests or welfare of the United States."

The petitioner is a member of the professions within the purview of that section of the Act by reason of her academic degree in Business Administration from an accredited institution of higher learning (Matter of Chu, Int. Dec. 1664). The record shows that the applicant has taken courses in accounting, investment, economics, business finance, auditing practice, accountancy laws and other topics pertinent to her professional vocation. While it is true that her employments have been in a clerical capacity, it is noted that the Matter of Chu, supra, states in part:

> However, the beneficiary's qualifying vocation is in business administration, which is a profession. The fact that he may not now be employed in a qualifying profession does not preclude him from being classified as a member of the professions, eligible for third preference. Matter of Stamatiades, Interim Decision 1594, states "the question before us therefore, is whether the alien's present employment in a nonprofessional occupation as a laboratory technician precludes approval of a petition to accord him third preference classification as a member of the professions," and concludes as follows: "It is concluded therefore that an alien's current employment in the United States in a nonprofessional occupation does not preclude approval of a petition to accord him third preference classification if he is determined to be a qualified member of the professions." This interim decision further states, "The Immigration and Nationality Act, as amended, does not specify that a member of the professions must be coming to this country to engage immediately in the practice of his profession in order to qualify for third preference status * * *" "In many instances and frequently because of factors over which the alien has no control such as licensing and other local restrictions, he may be forced to accept any available employment for a period of time after arrival before entering into professional practice." On March 18, 1965 the Secretary of Labor testified before a subcommittee of the House Committee on the Judiciary regarding certain aspects of H.R. 2580 which, as amended, was enacted as P.L. 89–236. In advocating that specific job offers not be required for highly educated and specialized immigrants, such as those now encompassed in the third preference, the Secretary stated that the addition to this country of those immigrants would be a definite boon to the American culture and workforce. He agreed that this would be so even if the alien would not occupy one of the specific skills for which he merited consideration as a preference alien, and stated that the alien should be "free to climb."

After careful consideration of all the facts in this case and the pertinent decisions herein cited, it must be found that the petitioner is a member of the professions who intends and desires to practice that profession in the United States and that therefore she meets the requirements for preference classification under Section 203(a)(3) of the Act. The appeal will be sustained and the petition granted.

ORDER: IT IS ORDERED that the appeal be sustained and the petition granted.