MATTER OF SHAH

In Visa Petition Proceedings

A-20658899

*Decided by Regional Commissioner August 26, 1977*

(1) Petitioner sought classification as a member of the professions under section 203(a)(3) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(3), based on a B.S. (Special) degree in chemistry from Gujarat University. He subsequently received a Master's Degree in Business Administration from the University of Detroit. The record indicated that the chemistry degree had been obtained in 3 years instead of the 4 years normally required to obtain a baccalaureate degree in a United States university. Also, no explanation is given of the meaning of the designation of "Special" in his degree. Under these circumstances, petitioner has not shown that his degree is equivalent to a bachelor's degree earned in the United States which is a minimum requirement to qualify for third-preference classification as a member of the professions.

(2) The record indicated that the petitioner had never engaged in work in his professional field of chemistry. In order to qualify as a member of the professions, petitioner must intend to engage in the profession on which the claim to the preference classification is based. Here there was no history of employment or appearance of desire to take employment in the professional field of chemistry. Therefore, petitioner is not eligible for classification as a third-preference alien who is a member of the professions.

ON BEHALF OF PETITIONER: Samuel D. Myers, Esquire
Freedman, Freedman & Myers, Ltd.
230 West Monroe Street, Suite 2812
Chicago, Illinois  60606

This matter is before me on appeal from the decision of the District Director who on September 23, 1976, denied the petition to classify the petitioner as a chemist under section 203(a)(3) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(3), as amended. The District Director determined that the petitioner had failed to establish he intends to pursue his alleged profession in the United States.

The petitioner is a 27-year-old male, native and citizen of India, who last entered the United States on July 7, 1975, as a nonimmigrant student. The petitioner claims membership in the professions as a chemist by virtue of his B.S. (Special) degree, awarded by Gujarat

University of India in September 1971. The degree indicates the "special subject" was chemistry. Subsequently, the petitioner entered the United States on January 21, 1972, and enrolled at the University of Detroit in September 1972, where he graduated in December 1974 with a master's degree in business administration.

The District Director noted that the petitioner has never been employed as a professional chemist in any related field, either in India or the United States, but has "been employed in nonprofessional occupations while attending school and ... been employed as an assistant to the business manager of an automobile dealership since graduation." It is also significant to note that the petitioner came to the United States to study in a field completely unrelated to his alleged profession. The District Director denied the petition on the principle set forth in *Matter of Kim*, 13 I&N Dec. 16 (R.C. 1968), which held that even though an alien is academically qualified as a member of the professions, he must also intend to engage in the profession for which the petition is filed.

Before proceeding to the basis for this appeal, I shall examine one other important factor which the District Director did not consider, *i.e.*, the academic equivalence of the petitioner's degree from Gujarat University. The United States Department of Health, Education, and Welfare advises that a B.S. degree in chemistry from Gujarat University is the equivalent of a B.S. degree in the United States (*see* Immigrant Inspector's Handbook, Appendix 5-F, p. 34-7). However, the degree certificate on file here indicates the petitioner's degree is a "B.S. (Special)." We are not told how the term "special" qualifies or limits this degree. Further, the degree certificate indicates the petitioner's "special subject" was chemistry, but we are not told if this is the same as a major subject in the United States, and there are no means by which to make such a determination since the record contains only the transcript for one school year, ending in April 1970.

This transcript also raises serious questions about the validity of the petitioner's degree in that this transcript was issued at the end of the petitioner's *second* year of study at Gujarat; yet, the petitioner completed his studies at Gujarat 1 year later in April 1971. Thus, he could only have completed a 3-year course of study, which is not equivalent to a United States baccalaureate degree, usually requiring 4 years of study. The petitioner has failed to establish that his "B.S. (Special), special subject—Chemistry" is equivalent to a United States baccalaureate degree in chemistry. *Matter of Asuncion*, 11 I&N Dec. 660 (R.C. 1966), held that a characteristic common to occupations in the professions is the minimum attainment of a baccalaureate degree. Consequently, the petitioner has not established that he is even minimally qualified as a professional chemist. On this basis alone, we

find the petitioner prima facie ineligible for third-preference classification.

We now turn to the primary basis for the District Director's denial —that the petitioner has not established he will be employed in the United States as a professional chemist. On appeal, counsel for the petitioner has submitted a brief challenging the various points raised by the District Director. Counsel quite correctly asserts that "... a third-preference petitioner need not be employed in his contemplated profession at the time of filing, approval, or even granting of permanent residence. *See Matter of Stamatiades,* 11 I&N Dec. 643 (D.D. 1966); *Matter of Semerjian,* 11 I&N Dec. 751 (R.C. 1966); *Matter of Chu,* 11 I&N Dec. 881 (R.C. 1966); and *Matter of Naufahu,* 11 I&N Dec. 904 (R.C. 1966). These cases recognize that there are circumstances which would prevent an alien professional from gaining employment in his chosen profession in the United States. Among these are certain licensing restrictions for foreigners, as well as the unwillingness of many employers to hire anyone who is not a citizen or lawful permanent resident of the United States. In this regard counsel stated: "It is to be expected that Companies will not give a professional job to one who is not yet a permanent resident. Every professional hired must be trained by a Company; such training requires a substantial investment in salary and other expenses. Companies naturally loathe to make such investments knowing the individual might not be permitted to remain in the United States."

While this is one possible explanation, we must examine more closely the circumstances surrounding the petitioner's lack of employment in his professional field. *Matter of Semerjian, supra,* held that, "In determining whether the alien intends to engage in his profession or in a field related thereto, consideration may be given to factors such as whether he is presently so employed and, if not, the length of time he has not been so employed and the reason therefore." The instant petitioner received his degree from Gujarat University in 1971, but there is no claim made or evidence to show that he sought employment as a chemist in India before coming to the United States to study in the unrelated field of business administration. Counsel contends that "Many professionals ... take graduation training in business administration to enhance their potential for promotion within their profession." This generalization, whether or not relating to the matter at hand, is not a valid argument as presented. The petitioner had employment opportunities during the summers and from college work programs while studying at the University of Detroit, yet none of them were in chemistry. Furthermore, the petitioner's transcript from that university reveals he took no chemistry courses at all. Upon completion of his master's degree he obtained employment as the assistant to

the business manager of a car dealership, a position related to his business degree, but not to chemistry. It is not unreasonable to expect that someone serious about, and dedicated to, a career in chemistry would seek to improve his professional knowledge in his subject and would at least make attempts to seek some type of related employment. For the last 6 years the petitioner apparently has had no courses, jobs, or experiences even remotely connected with chemistry; yet, he would now have the Service believe he is a professional chemist and intends to be employed in that field.

In *Semerjian, supra,* the petitioner had received a baccalaureate degree in mechanical engineering, and had been employed as a junior mechanical engineer for 3 months and then was released. He was unable to obtain a permanent position because he was not a citizen, but he *did* substantiate his bona fide attempts to seek employment in his profession.

Here the petitioner has at no time been employed and has apparently made no attempts to find employment as a chemist, but has instead obtained a degree in business administration and has held only unrelated employment. This situation parallels the most recent decision in these cases, *Matter of Medina,* 13 I&N Dec. 506 (R.C. 1970) which held that an alien who had received a baccalaureate degree some 6 years earlier, but who had never been employed as a professional in her field or any other field, was not a member of the professions and could not be said to have prospects for or the intention of obtaining such employment in the United States. The facts in this case would lead a reasonable person to conclude that the petitioner has abandoned his alleged profession of chemistry, is no longer qualified as a chemist (if indeed he ever was), and has not established he intends to pursue a career as a professional chemist.

We find that the petitioner has failed to establish that his degree from Gujarat University is equivalent to a United States degree and qualifies him as a professional chemist. Further, *Matter of Ulanday,* 13 I&N Dec. 729 (BIA 1971), stipulates that a petitioner satisfactorily establish that he has prospects of engaging in his alleged profession in the foreseeable future. The petitioner has not satisfied this requirement. The burden of proof to establish eligibility in these proceedings rests with the petitioner (*Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). That burden of proof has not been met. The appeal will be dismissed.

ORDER: The appeal is dismissed.