MATTER OF MAHER

In Visa Petition Proceedings

A–17657160

*Decided by Regional Commissioner March 20, 1968*

Petitioner/beneficiary, a graduate of a foreign school of dentistry who has obtained a full and unrestricted license to practice dentistry in the country of his education, qualifies as a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, and is eligible for preference status under section 203(a)(3) of the Act, as amended, as a dentist, notwithstanding he will have to undertake considerable further professional study in the United States before he may practice dentistry in this country.

**Discussion:** This case comes forward following the denial of the petition by the District Director who then certified the matter to this office for review and final decision.

The beneficiary in his petition seeks classification as a member of the professions pursuant to section 203(a)(3) of the Act based upon his qualifications as a dentist.

In his well-stated and reasoned decision, the District Director has pointed out that the beneficiary, who is single and a native and citizen of the United Arab Republic and presently residing in that country, was graduated in September 1963 from the School of Dentistry, Cairo University, with a bachelor of science degree in dentistry and dental surgery; and that in March 1964 was licensed as a dentist by the Ministry of Public Health, Cairo, United Arab Republic.

The Secretary of Labor, pursuant to section 212(a)(14) of the Act, as amended, has issued an individual certification for a dentist in this case.

Prior to entering his decision, the District Director reviewed various publications of the Council on Dental Educaton, American Dental Association, located at Chicago, Illinois. He also had the documentary evidence reflecting beneficiary's qualifications as a dentist evaluated by an accredited dental school in the United States.

The District Director cited four precedent decisions, including *Matter of Pizarro*, Int. Dec. No. 1817; *Matter of Shih*, 11 I. & N. Dec.

847; and *Matter of Roldan*, 11 I. & N. Dec. 869. He sets forth that in *Shih*, it was found a master's degree was required to find that librarian is a member of the professions; that in *Roldan*, a master's degree or a baccalaureate degree plus a one year internship was necessary for a dietitian to qualify as a member of the professions; and that in *Pizarro*, it was held that a graduate degree was required for recognition as a member of the professions in the field of psychology.

We believe the *Pizarro* decision supports the finding of the District Director that to qualify in the United States as a member of the professions (dental), the beneficiary needs more than a bachelor of science degree in dentistry and dental surgery. The school of dentistry in this country, which evaluated beneficiary's education according to standards in the United States, estimated beneficiary would require at least one year of undergraduate study and three years of full-time study in a dental school in this country to meet the established standards.

The District Director concluded that the standards of dental education in the United States are much higher than those in many other countries, and that although a person with a foreign dental degree might be considered a member of the professions in the country of his education, it does not necessarily follow that he qualifies as a dentist in this country.

We agree with the District Director that authoritative sources in the United States concur that a foreign-educated dentist, except one educated in Canada, must anticipate from two to four years full-time study at a dental college in this country before such a dentist could qualify for a dental degree.

Then the issue is whether a foreign educated dentist (not including Canada) licensed to practice in the country of his education, who will be unable to practice in the United States until he has studied dentistry in this country for possibly two to four years, may be considered a member of the professions for immigrant classification under section 203(a)(3) of the Act, as amended.

This record indicates the beneficiary studied dentistry for four years at the Cairo University Faculty of Dentistry; that he was a dentist trainee for the Ministry of Public Health of the United Arab Republic from October 1963 to October 1964; and that he was a practicing dentist in the Egyptian army (Lieutenant) from October 1964 to September 1967. This information appears on Form ES-575A which was submitted in support of his request for the required certification from the Secretary of Labor, which was issued.

The regulations are specific with respect to the circumstances under which an alien physician may be considered eligible for classification

as a member of the professions. 8 CFR 204.2(f)(2) reads in pertinent part as follows:

> . . . or that he was graduated from a foreign medical school and has obtained a full and unrestricted license to practice medicine in the country where he obtained his medical education.

We do not find in any precedent decision or any applicable statutes or regulations a specific requirement that a foreign educated physician or dentist, who has a full and unrestricted license to practice his profession in the country where he obtained his medical education, must establish he will be eligible to practice his profession immediately upon admission to the United States. However, such a beneficiary must establish a bona fide intent to practice his profession in the United Statse. See *Matter of Semerjian*, 11 I. & N. Dec. 751. The record shows the beneficiary understands that he must attend a dental college in this country and intends to do so if admitted. He states he has been employed since January 1908 by the "United States Ministry of Public Health Dental Division, Badrashean Dental Research Project" in the United Arab Republic.

In *Matter of Naufahu*, 11 I. & N. Dec. 904, it was held that the "Petitioner, who studied law, was issued a license to practice law, and practiced law in Tonga from 1952 to 1963, is qualified, as a lawyer, for classification as a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended by P.L. 89-236, and notwithstanding the prerequisite of U.S. citizenship may preclude him from immediately engaging in his profession in this country, he is eligible for preference status under section 203(a)(3) of the Act, as amended, since he is continuing his study of law and allegedly desires and intends to practice his profession as soon as found legally qualified to do so."

We have carefully considered the entire record. We do not believe it valid to distinguish the instant case involving a dentist and *Naufahu*. Although the above-cited excerpt from 8 CFR 204.2(f)(2) relates specifically to one of the criteria for determining whether an alien physician may be classified as a member of the professions, we conclude that criterion may be applied with equal validity to alien dentists. On this record, we find the beneficiary has graduated from a foreign school of dentistry and has obtained a full and unrestricted license to practice dentistry in the country where he obtained his education in dentistry. Accordingly, we shall enter the following order.

**ORDER:** It is ordered that the petition be and the same is hereby approved.