MATTER OF THE

In Visa Petition Proceedings

A–18500754

*Decided by Regional Commissioner March 9, 1971*

Since the qualification requisites relating to physicians as set out in 8 **CFR** 204.2(e)(2) may be applied to dentists, and since the passing **by** petitioner/beneficiary of the Science Achievement Examination for **Dentistry** given by the American Dental Association is not equivalent to **passing** the examination given by the Educational Council for Foreign **Medical** Graduates specified in 8 CFR 204.2(e)(2), petitioner/beneficiary, who **received** his dental education in Indonesia but did not obtain a full **and** unrestricted license to practice in that country, has failed to establish eligibility for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as a dentist.

ON BEHALF OF APPELLANT:    Allen R. Jackson, Esquire
                           580 Washington Street
                           San Francisco, California 94111

This case comes before the Regional Commissioner on appeal from the decision of the Acting District Director, San Francisco, who denied the petition on January 6, 1971 in that the appellant had failed to establish that he qualified as a member of the professions as a dentist and was, therefore, not eligible for classification under section 203(a)(3) of the Immigration and Nationality Act, as amended.

The appellant is a 33-year-old single male, a native and citizen of Indonesia. He was last admitted to the United States as an "F" student on September 18, 1968 and granted extensions of stay in that status to March 29, 1970. At time of admission he was destined to Bay City College of Dental-Medical Assistants, San Francisco, where he took a dental technician's course in "Crown and Bridge" and was issued a certificate showing that he qualified as a crown and bridge lab technician. On February 12, 1969 he transferred to the College of Marin near San Francisco where he was enrolled in a pre-dental course. Evidence has been

675

resented that he is now enrolled in the special program at the University of Southern California as a third-year dental student.

He filed a petition under section 203 (a) (3) of the Act on July 7, 1970 as a member of the professions as a dentist to seek work as such in California. The petition was denied by the District Director on September 14, 1970 for lack of a Labor certification pursuant to section 212 (a) (14) of the Act. On October 28, 1970 the Department of Labor advised this Service that upon their reconsideration a Labor certification for the occupation of dentist had been issued in behalf of the appellant on October 28, 1970. The Acting District Director on his own motion reopened the case and again denied the petition on January 6, 1971 finding that the appellant was not qualified as a member of the professions as a dentist.

The denial decision in pertinent part states:

Petitioner has submitted evidence that he completed his studies at Trisakti University in Indonesia and passed the final examination of the Faculty of Dentistry but did not take the state examination which is required to obtain the "Doctorgigi" (dentist) degree and license as a dentist. He has also submitted evidence that he completed a crown and bridge lab technician's course at Bay City College of Dental-Medical Assistants in San Francisco; passed the science achievement examination for dentistry given by the American Dental Association; and has been accepted in the University of Southern California School of Dentistry as a third-year student. He lists employment as a teaching assistant in the Faculty of Dentistry at Trisakti University from 1964 to 1965 and as a crown and bridge lab technician from July 1969 to July 1970.

Matter of Maher, 12 I. & N. Dec. 680, holds that a graduate of a foreign school of dentistry who has obtained a full and unrestricted license to practice dentistry in the country of his education qualifies as a member of the professions within the meaning of section 101 (a) (32) of the Immigration and Nationality Act, as amended, and is eligible for preference status under section 203 (a) (3) of the Act, as amended. Petitioner did not take the state examination which is required to obtain his dentist degree and license in Indonesia and he has never been employed as a dentist in any other country. From the evidence submitted it cannot be found that he is a qualified member of the profession for which he is petitioning. Petition will accordingly be denied.

In the Matter of Maher, supra, reference is made to 8 CFR 204.2 (f) (2) (now 8 CFR 204.2 (e) (2)) which relates to alien physicians who, if they meet certain conditions, "shall be considered eligible for classification as a member of the professions" and goes on to state: "Although the above-cited excerpt from 8 CFR 204.2 (f) (2) relates specifically to one of the criteria for determining whether an alien physician may be classified as a member of the professions, we conclude that criterion may be applied with

equal validity to alien dentists." We will, therefore, apply the qualification standards as set forth in 8 CFR 204.2(e)(2) to the profession of dentistry.

8 CFR 204.2(e)(2) provides as follows:

An alien physician shall be considered eligible for classification as a member of the professions if he establishes that he was graduated from a medical school in the United States or Canada, or that he was graduated from a foreign medical school and has successfully passed the examination given by the Educational Council for Foreign Medical Graduates, or that he was graduated from a foreign medical school and has obtained a full and unrestricted license to practice medicine in the country where he obtained his medical education. In any other case the District Director may consult the Educational Council for Foreign Medical Graduates or other organizations and experts in the medical field for the purpose of obtaining an advisory opinion of the alien's qualifications as a physician.

It should be noted from the above that there are three possibilities for establishing eligibility for classification as a member of the professions as a physician which *Matter of Maher, supra,* indicates may be applied to the profession of dentistry—(1) being a graduate of a United States or Canadian medical school; (2) being a graduate of a foreign medical school and having passed the Educational Council for Foreign Medical Graduates (ECFMG) examination; or (3) being a graduate of a foreign medical school and having a full and unrestricted license to practice in the country where he obtained his education.

The appellant, not being a graduate of a United States or Canadian school definitely does not fall into category (1).

A letter dated August 18, 1969 by the Dean of the Faculty of Dentistry, Trisakti University, states:

In order to obtain the "Doctorgigi" (dentist) degree, students of the Faculty of Dentistry of the TRISAKTI UNIVERSITY have to pass a state examination in accordance with Decree Nr. 74, 1967 Directorate General of High Education, Minister of Education.

Enclosed copies of transcripts and other information concerning examinations passed by Mr. The Bian Tjing as signed by former Dean of the Faculty of Dentistry of RES PUBLICA UNIVERSITY, Dr. Tjia Soen Lee, are found to be correct.

Mr. The Bian Tjing has already passed the final examination of said Faculty of Dentistry, however has not yet passed above mentioned State examination.

This letter indicates that while the appellant may be a graduate he has not yet passed the necessary State examination so officially has no degree and does not have a "full and unrestricted license to practice" in Indonesia where he obtained his medical education. He, therefore, does not meet the requirements of category (3).

The remaining possibility is category (2), graduate from a foreign medical school and passing the ECFMG examination. A letter dated June 25, 1970 from the Director, Special Student Program, University of Southern California, Los Angeles, states:

Dr. Bian The's credentials have been examined by the Admissions Office at the University of Southern California and have been found in order. This is a specific prerequisite for our Special Student Program. He must be a graduate from dental school and our Admission office found this to be true.

We will honor the finding of the Director, Special Student Program, to the effect that the appellant is a graduate of a dental school. The final issue is to determine if the appellant has passed the ECFMG examination or its equivalent.

The record shows that the appellant has passed the "Science Achievement Examination for Dentistry" given by the American Dental Association. Counsel's principal argument on appeal is that the passing of this examination is the equivalent of passing the ECFMG examination, and having passed such examination the appellant meets the requirements of category (2) of 8 CFR 204.2(e)(2) and cites *Matter of Maher, supra*. Maher, however, was a graduate and had a full and unrestricted license to practice. In the case before us the appellant, while we will consider him to be a graduate, failed to take the required State examination and has not obtained a full and unrestricted license to practice. In the case before us we must now determine if the passing of the "Science Achievement Examination for Dentistry" is the equivalent of passing the ECFMG examination.

On February 26, 1971 the Executive Director of the ECFMG by letter advised the Service that "The purpose of the ECFMG program is to determine whether graduates of foreign medical schools are qualified *to start a graduate medical training program as intern or resident* in approved United States hospital." (Emphasis supplied.)

A pamphlet entitled "Science Achievement Examination for Dentistry," published by the Division of Educational Measurements, Council on Dental Education, American Dental Association, states: "The science achievement examination is intended to provide dental education programs with an evaluation of the basic science competency of the foreign dental graduate seeking admission to either the undergraduate D.D.S. or D.M.D. degree program or some type of advanced dental education" and "Therefore, the Science Achievement Examination for Dentistry was developed to provide an accurate evaluation of the candidate's

knowledge in the basic sciences. This is one of the major criteria used to determine the proper level of placement for the prospective degree candidate."

From the above it is evident that the two programs, ECFMG examination and Science Achievement Examination for Dentistry, do not serve the same purpose and that the passing of the Science Achievement examination cannot be equated with the purpose of the ECFMG examination as set forth in 8 CFR 204.2(e)(2). The ECFMG examination determines if the foreign medical graduate is qualified to start a graduate medical training program as an intern or resident. The Science Achievement examination is to evaluate the basic science competency of the foreign dental graduate and to determine the level of placement in a dental school, undergraduate or graduate, where the alien will enroll. In the present case the record shows that the appellant's level of placement was given as "3RD YR. (TENT)" and has been accepted as a third year student at the University of Southern California Dental School.

Considering all the factors discussed herein we find that the appellant cannot at this time be found to qualify as a member of the professions as a dentist under section 203(a)(3) of the Act. *Matter of Brantigan*, 11 I. & N. Dec. 493, holds that the burden of proof to establish eligibility for a desired preference rests with the appellant. That burden has not been met. The appellant has failed to establish that he is eligible for the classification he seeks. The appeal will be dismissed.

Denial of the petition, however, is without prejudice to the consideration of a new petition for sixth preference classification should the appellant obtain a definite offer of employment from a prospective employer in this country seeking his services and an appropriate certification be issued by the Department of Labor pursuant to section 212(a)(14) of the Act, as amended.

**ORDER:** It is ordered that the appeal be dismissed.