[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13167

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01253-CV-ORL-18-KRS

PATRICK H. WRIGHT,

Plaintiff-Appellant,

versus

MARK W. EVERSON,

Defendant,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 24, 2008)
**ON PETITION FOR REHEARING**

Before BIRCH and DUBINA, Circuit Judges, and GOLDBERG,* Judge.

_____

* Honorable Richard W. Goldberg, United States Court of International Trade Judge,
sitting by designation.

PER CURIAM:

The previous opinion issued in this case, <u>Wright v. Everson</u>, __ F.3d __, 2008 WL 3580591 (11th Cir. Aug. 15, 2008), is hereby VACATED. In its place, on petition for rehearing, we file this revised opinion. The petition for rehearing is otherwise DENIED.

Patrick H. Wright ("Wright") appeals from the district court's grant of summary judgment in favor of the government on his declaratory judgment action. Wright challenged the validity of 31 C.F.R. § 10.7(c)(1)(viii), claiming that it unlawfully and arbitrarily limits his right to represent taxpayers before the Internal Revenue Service ("IRS"). The district court found that 31 C.F.R. §10.7(c)(1)(viii) is valid, because it is a reasonable regulation promulgated by the IRS pursuant to an express delegation of authority from Congress under 31 U.S.C. § 330(a)(1), and that it is not arbitrary, capricious, or manifestly contrary to the statute. Upon review of the record and the parties' briefs, and with the benefit of oral argument, we AFFIRM.

## I. BACKGROUND

Wright served as a revenue officer with the IRS from 1981 to 1983. He then became a self-employed tax consultant, and he is registered with the IRS as an "unenrolled" tax return preparer. Wright provides various services including:

preparing and filing tax returns; advising clients engaged in prospective or ongoing tax issues with the IRS; requesting IRS transcripts and interpretations when representing clients before the IRS; filing hardship applications with the Office of the Taxpayer Advocate; filing offers in compromise and refund claims; and representing clients in interviews with the IRS. Wright stated that he has routinely secured powers of attorney and tax information authorizations from his clients, which authorize him to represent his clients before the IRS. Since 1998, however, IRS officers and employees often have refused Wright permission to represent clients in matters before the IRS because he is not a "practitioner" as that term is defined by 31 C.F.R. § 10.2(a).

Through counsel, Wright filed a declaratory judgment action pursuant to 28 U.S.C. § 2201, challenging that 31 C.F.R. §10.7(c)(1)(viii) unlawfully and arbitrarily limited his ability to represent taxpayers before the IRS. According to Wright, the IRS violated his constitutional due process rights and 26 U.S.C. § 7521 by promulgating, applying, and implementing 31 C.F.R. § 10.7(c)(1)(viii), which restricts to "practitioners" the ability to represent a taxpayer before appeals officers, revenue officers, counsel, or similar officers or employees. Wright contended that 31 C.F.R § 10.7(c)(1)(viii) contravened the statutory requirement of 26 U.S.C. § 7521, enacted in 1988, "that the taxpayer be able to have a person

3

permitted to practice represent him in any interview." R-19 at 6. Wright maintains that a representative may be admitted to practice before the IRS if he has a good character and reputation, the necessary qualifications, and is competent. He sought a declaration that he was entitled to represent taxpayers pursuant to the United States Constitution, 26 U.S.C. § 7521, 31 U.S.C. § 330, the Internal Revenue Code and Regulations, and the Internal Revenue Manual, and that the IRS has unconstitutionally interpreted relevant statutes and enforced certain regulations.

Wright argued that 31 C.F.R. § 10.7(c)(1)(viii) is an interpretive regulation, rather than a legislative regulation, because, while Congress explicitly authorized the Secretary to regulate the practice of persons before the IRS, Congress's delegation was broad and unspecific. As a result, he contended that the regulation was entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778 (1984), only if it implemented the intent of Congress in a reasonable manner. According to Wright, the regulation was unreasonable because no legitimate basis existed for treating an unenrolled tax preparer differently from other unenrolled representatives. He asserted that none of the restrictions provided in 31 C.F.R. § 10.7(c)(1)(viii) relate to knowledge, education, training, or experience, and the only restriction on other

4

unenrolled representatives required them to have a special relationship with the taxpayer. Wright further noted that 31 C.F.R. § 10.7(c) permits a taxpayer to be represented by an immediate family member, an employer to be represented by an employee, an individual to represent an individual or entity outside the United States when the representation occurred outside the United States, and that these disparities in who could represent a taxpayer were not justified. Wright conceded that under 5 U.S.C. § 500 and 31 U.S.C. § 330, the Secretary of the Treasury ("Secretary") could completely prohibit all persons other than attorneys and certified public accountants ("CPAs") from practicing before the IRS, but he argued that the Secretary had not done so because 26 U.S.C. § 7521 operated "to prevent the Secretary from interfering with the representation of a taxpayer by any person permitted to practice whom the taxpayer authorizes to represent him." R1-19 at 17. Wright posited that if he was found to be incompetent as a representative, the IRS could suspend or disbar him pursuant to 31 U.S.C. § 330(b) and 31 C.F.R. § 10.50, but could not circumvent 26 U.S.C. § 7521 and preclude him from practicing before the IRS in the name of protecting taxpayers.

The government responded that Congress has not spoken on the questions of who, in addition to attorneys and CPAs, can represent a taxpayer before the IRS, and whether and when a tax preparer can represent a taxpayer before the IRS.

5

The government maintained that the Secretary's authority to issue regulations regarding taxpayer representation arose from 31 U.S.C. § 330, not 26 U.S.C. § 7521. Even so, the government argued that under § 7521, the language "any other person permitted to represent the taxpayer before the Internal Revenue Service" does not establish that any person with a written power of attorney can represent a taxpayer before the IRS, and no conflict exists between § 7521 and applicable regulations. The government asserted further that the regulations define "those 'other people' who are permitted to engage in such representation." R-21 at 5.

The government asserts that the regulations at issue are legislative, and not interpretive, because Congress expressly granted to the Secretary the authority to regulate who may act as a representative before the IRS in 31 U.S.C. § 330. Further, the government maintains that, if Congress had intended that a taxpayer could choose anyone to represent him before the IRS, Congress would not have delegated authority to the Secretary to regulate practice before the IRS. The government argued that the regulations are not arbitrary or capricious because they help to ensure that taxpayers are represented by qualified individuals, which benefits the taxpayers, the IRS, and the general public. The government acknowledged that some lay representatives, such as an immediate family member or full-time employee, may represent taxpayers during the audit of a return

6

prepared by the representative, but they may not represent a taxpayer in the unfettered manner sought by Wright for himself. The government submitted that the special relationship between these lay representatives and the taxpayer increases the likelihood of fair representation, warned of the dangers of permitting incompetent or unscrupulous lay representatives to set up cottage tax industries, and noted that the current regulatory scheme protects the integrity of the revenue system while protecting the public and providing options to employ less expensive representatives than licensed professionals. The government also noted that Wright could apply to become an enrolled agent, which would permit him to engage in a broader scope of representation.

The district court denied Wright's motion for summary judgment and granted the government's motion for summary judgment. The district court framed the issue by stating that Wright sought a declaration that 31 C.F.R. § 10.7(c)(1)(viii) was void, and the government's interpretation of certain statutes and enforcement of relevant regulations was unconstitutional. The district court found that Congress had not spoken directly on whether an unenrolled agent could represent taxpayers in any proceeding. According to the district court, 31 C.F.R. § 10.7(c)(1)(viii) implements 31 U.S.C. § 330, and the latter grants authority to the Secretary to regulate the practice of representatives. Although 31 U.S.C. § 330 is

7

subject to 5 U.S.C. § 500, section 500 notes only that attorneys and CPAs may represent individuals before the IRS. The district court rejected Wright's argument that 26 U.S.C. § 7521(a)(1) permits an unenrolled agent to represent a taxpayer in any interview.

The district court next addressed whether Congress delegated authority to the Secretary to decide whether an unenrolled agent may represent a taxpayer in any proceeding. The court found that Congress expressly delegated to the Secretary the authority to regulate the practice of taxpayer representatives and, therefore, the challenged regulation was legislative. Accordingly, the court reviewed the regulation to determine whether the regulation was arbitrary, capricious, or manifestly contrary to statute, and not for reasonableness. The court found that the regulation was not arbitrary, capricious, or manifestly contrary to statute because (1) it aimed to protect taxpayers and the integrity of the internal revenue system; (2) a representative could demonstrate his qualifications through the enrollment process and an enrolled agent could represent taxpayers in any proceeding before the IRS; (3) treasury regulations that have continued without substantial change over a long period of time are deemed to have received congressional approval and have the effect of law; (4) 31 U.S.C. § 330 gives the Secretary the authority to determine who may practice; and (5) 26 U.S.C. § 7521

8

does not define who is permitted to practice. The court further found that 31 C.F.R. § 10.7(c)(1)(viii) was reasonable, noting that the government presented legitimate reasons to treat unenrolled tax preparers differently from other unenrolled representatives. The district court entered its final judgment on May 2007, and Wright, pro se, timely appealed.

## II.  DISCUSSION

At issue in this case is whether Wright, who is not an attorney, CPA, enrolled agent, or enrolled actuary, but who is "any other person permitted to represent the taxpayer" as described by 26 U.S.C. § 7521(b) and (c), is permitted to represent taxpayers before the IRS under 31 C.F.R. § 10.7(c)(1)(viii), and the extent of his authority to represent taxpayers under 26 U.S.C. § 7521(c).  This is an issue of first impression in our circuit.

We review de novo a district court's interpretation of underlying questions of law.  Major League Baseball v. Crist, 331 F.3d 1177, 1183 (11th Cir. 2003). We review de novo a district court's grant of a motion for summary judgment. Begner v. United States, 428 F.3d 998, 1001 (11th Cir. 2005).  "Summary judgment is proper if, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law." Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 911 (11th Cir. 2007).

"When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions." Chevron, 467 U.S. at 842, 104 S. Ct. at 2781.

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Id. at 842-43, 104 S. Ct. at 2781-82 (footnotes omitted). If Congress explicitly leaves a gap in a statute for an agency to fill, "there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." Id. at 843-44, 104 S. Ct. at 2782. A resulting regulation is reviewed only to see if it is arbitrary, capricious, or manifestly contrary to the statute. Id. at 844, 104 S. Ct. at 2782.

An agency rule is arbitrary and capricious if the agency relied on factors that Congress did not intend for it to consider, "entirely failed to consider an important

10

aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S. Ct. 2856, 2867 (1983). A reviewing court may not supply a reasoned basis for the agency's action that the agency has not provided, although the court may uphold an agency decision if the agency's path to the decision may be reasonably determined. Id. If a delegation is implicit, but not explicit, then review is for whether the resulting regulation is a reasonable interpretation of the statute, and "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." Chevron, 467 U.S. at 844, 104 S. Ct. at 2782.

In discussing the limits of Chevron deference, the Supreme Court has held that such deference is appropriate "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." United States v. Mead Corp., 533 U.S. 218, 226-27, 121 S. Ct. 2164, 2171 (2001). The Court noted that a delegation may be demonstrated in several ways, including "an agency's power to engage in adjudication and

11

notice-and-comment rulemaking, or by some other indication of a comparable congressional intent." Id. at 227, 121 S. Ct. at 2171; but see Ala. Power Co. v. U.S. Dep't of Energy, 307 F.3d 1300, 1312-13 (11th Cir. 2002) (noting that a settlement agreement was far removed from notice-and-comment rulemaking and any other circumstances reasonably suggesting that Congress thought deference was proper, but declining to determine whether Chevron deference was appropriate).

To determine whether 31 C.F.R. § 10.7(c)(1)(viii) is valid, we begin by reviewing the statute it implements, 31 U.S.C. § 330. Under § 330, Congress granted to the Secretary the right to "regulate the practice of representatives of persons before the Department of the Treasury," mandating that the Secretary require representatives to demonstrate: "(A) good character; (B) good reputation; (C) necessary qualifications to enable the representative to provide to persons valuable service; and (D) competency to advise and assist persons in presenting their cases." 31 U.S.C. § 330(a)(1)-(2).[1] Under 31 C.F.R. § 10.7(c)(1), a non-practitioner may represent a taxpayer before the IRS in certain circumstances,

---

[1] Congress also granted the right to suspend or disbar from practice certain individuals, e.g., those who violate applicable regulations, after notice and opportunity for a hearing. 31 U.S.C. § 330(b).

12

if he provides satisfactory identification and proof of his authority to represent the taxpayer.[2] Most relevant to Wright's appeal,

> [a]n individual who prepares and signs a taxpayer's tax return as the preparer, or who prepares a tax return but is not required (by the instructions to the tax return or regulations) to sign the tax return, may represent the taxpayer before revenue agents, customer service representatives or similar officers and employees of the Internal Revenue Service during an examination of the taxable year or period covered by that tax return, but, unless otherwise prescribed by regulation or notice, this right does not permit such individual to represent the taxpayer, regardless of the circumstances requiring representation, before appeals officers, revenue officers, Counsel or similar officers or employees of the Internal Revenue Service or the Department of Treasury.

31 C.F.R. § 10.7(c)(1)(viii).

These rights to represent a taxpayer are subject to three limitations set forth in 31 C.F.R. § 10.7(c)(2). First, a non-practitioner is barred from engaging in the limited practice discussed in (c)(1) if he is under suspension or disbarment from practice before the IRS. 31 C.F.R. § 10.7(c)(2)(i). Second, a non-practitioner may be denied the opportunity to engage in the limited practice discussed in (c)(1) if he has engaged in conduct that would merit a sanction under 31 C.F.R. § 10.50. 31 C.F.R. § 10.7(c)(2)(ii). Third, a non-practitioner who represents a taxpayer under

_____

[2] Under 31 C.F.R. § 10.2, a "practitioner" is defined as an attorney, CPA, enrolled agent, enrolled actuary, or enrolled retirement plan agent, as those persons are described in 31 C.F.R. § 10.3. An individual may become an enrolled agent after taking a written examination and demonstrating special competence in tax matters. 31 C.F.R. § 10.4(a).

13

(c)(1) is subject to applicable rules regarding standards of conduct. 31 C.F.R. § 10.7(c)(2)(iii).

Through statute, Congress has provided that only attorneys and CPAs may represent a person before the IRS. 5 U.S.C. § 500(b)-(c). No other individuals are granted a statutory right to do so. 5 U.S.C. § 500(d)(1). However, Congress also stated that individuals who are neither an attorney nor a CPA are neither granted nor denied "the right to appear for or represent a person before an agency or in an agency proceeding." Id. Congress has enacted legislation relating to procedures involving taxpayer interviews, but has not explicitly defined who is authorized to represent a taxpayer before the IRS. Under 26 U.S.C. § 7521,

> [a]ny attorney, [CPA], enrolled agent, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer may be authorized by such taxpayer to represent the taxpayer in any interview described in subsection (a).

26 U.S.C. § 7521(c). Subsection (a) refers to "any in-person interview with any taxpayer relating to the determination or collection of any tax." 26 U.S.C. § 7521(a). A taxpayer also has the right to suspend an interview if he clearly states to an IRS officer or employee that he "wishes to consult with an attorney, certified public accountant, enrolled agent, enrolled actuary, or any other person permitted

14

to represent the taxpayer before the Internal Revenue Service." 26 U.S.C. § 7521(b)(2). Consequently, we find that Congress has not directly spoken on the precise question of whether an unenrolled representative is entitled to represent taxpayers before the IRS under 31 C.F.R. § 10.7(c)(1)(viii), and Congress expressly has granted to the Secretary the right to regulate who practices before the IRS in 31 U.S.C. § 330(a) via an express delegation of authority. See Chevron, 467 U.S. at 842-44, 104 S. Ct. at 2781-82.

Accordingly, we review 31 C.F.R. § 10.7 only to determine whether it is arbitrary, capricious, or manifestly contrary to statute. See Chevron, 467 U.S. at 844, 104 S. Ct. at 2782. We conclude that 31 C.F.R. § 10.7, which limits the scope of representation by an unenrolled representative, is not arbitrary, capricious, or manifestly contrary to statute. The IRS has provided valid reasons for the limits on who may practice, noting that the regulation balances the need for a taxpayer to have affordable representation and to be able to choose his representative with the need for competent representation that protects the taxpayer, the IRS, and the general public. An individual with a special relationship with a taxpayer, such as an immediate family member, is permitted to engage in full representation because the special relationship serves to increase the likelihood that the taxpayer's interests will be protected by his representative. An

15

individual may represent any individual or entity outside of the United States when the representation occurs outside of the United States because such a happening is rare and the availability of qualified attorneys, CPAs, or enrolled agents in such a situation is minimal. Additionally, Wright may plausibly acquire the ability to fully represent clients under 31 C.F.R. § 10.7 if he demonstrates his knowledge to the IRS and becomes enrolled under 31 C.F.R. § 10.4(a).

It is true that 26 U.S.C. § 7521 states that practitioners and any other person permitted to represent the taxpayer before the IRS may do so in the context of a taxpayer interview, but that statute does not define the persons permitted to practice before the IRS. Congress has delegated to the Secretary the right to regulate practice before the IRS under § 330, and 31 C.F.R. § 10.7(c)(1)(viii) is not manifestly contrary to statute. Therefore, Wright's contention that § 7521 is relevant to deciding the issue on appeal lacks merit. See Conn. Nat. Bank. v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149 (1992) (noting that "courts should disfavor interpretations of statutes that render language superfluous," and that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). Accordingly, 31 C.F.R. § 10.7(c)(1)(viii) is not arbitrary, capricious, or manifestly contrary to statute. Wright cannot represent taxpayers before the IRS as an unenrolled representative if he did not

16

prepare their tax returns and may not represent taxpayers whose tax returns he prepared when they are engaged in dealings with the IRS on matters other than examinations of the tax returns which he prepared. Wright may continue to represent taxpayers before the IRS in the circumstances allowed by 31 C.F.R. § 10.7(c)(1)(viii), where he has prepared the taxpayer's tax return at the stage of the proceedings when the tax return is being examined as in an audit.

### III. CONCLUSION

Wright challenges the validity of 31 C.F.R. § 10.7(c)(1)(viii), claiming that it unlawfully and arbitrarily limits his right to represent taxpayers before the Internal Revenue Service. We conclude Congress expressly delegated authority to the Secretary to promulgate regulations governing who may practice before the IRS, and we determine that 31 C.F.R. §10.7(c)(1)(viii) is a reasonable regulation which is not arbitrary, capricious, or manifestly contrary to the statute. Accordingly, Wright, as an unenrolled representative, is not authorized to represent taxpayers before the IRS if he did not prepare their tax returns and may not represent taxpayers whose tax returns he prepared when they are engaged in dealings with the IRS on matters other than examinations of the tax returns which he prepared. **AFFIRMED**.