[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13015
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00127-RWS


VIRAJ, LLC,
RAMESH BABU NUKATHOTI,

                                                    Plaintiffs-Appellants,


versus


U.S. ATTORNEY GENERAL,
ALEJANDRO MAYORKAS,
(Ali) Director, U.S. Citizenship
and Immigration Services,
SALLY QUILLIAN YATES,
U.S. Attorney United States Attorney's
Office Northern District of Georgia,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Viraj, LLC appeals from the district court's grant of summary judgment on its Administrative Procedure Act and Equal Protection claims following the denial of the alien worker visa petition that Viraj had filed on behalf of Ramesh Nukathoti. That petition was denied on the grounds that Nukathoti did not have the required advanced degree and Viraj failed to establish that it could pay the proffered wage.

Viraj contends the determination that Nukathoti lacks an "advanced degree" was arbitrary and capricious. It argues that because Nukathoti had completed five years of college in India to receive his master's degree, which was more than the four years typically required in the United States for a bachelor's degree, he has an advanced degree and the visa should have been granted. Viraj also contends that it is able to pay the proffered wage and that it was unduly burdened by a request for evidence that would establish its ability to pay. Finally, Viraj contends that the district court erred in denying its equal protection claim.

I.

Viraj is a software development and IT consulting company. In 2007 it filed an "Application for Permanent Employment Certification" with the Department of Labor for a software engineer position. That application listed Indian citizen

2

Ramesh Nukathoti as the person who would fill that position if Viraj's certification were approved and a visa granted.  After certification was approved, Viraj filed with the United States Citizenship and Immigration Services (USCIS) an I-140 Immigration Petition for Alien Worker, seeking a visa for Nukathoti.  The alien worker visa petition listed the proposed employment as a software engineer position at an annual salary of $50,000.  In support of its petition, Viraj submitted copies of Nukathoti's three-year bachelor of science and two-year master's degrees from a university in India.  USCIS denied the petition, finding that Nukathoti did not meet the educational requirements.

Viraj appealed that decision to the Administrative Appeals Office (AAO), which agreed that Nukathoti had failed to meet the educational requirements.  The AAO also found that Viraj had failed to establish that it could afford to pay the proffered salary because it had not provided the evidence that had been requested.  Furthermore, it had filed 70 alien worker petitions and hundreds of nonimmigrant petitions and yet its current petition claimed that it had only "35+" employees. The AAO stated that "[t]he competing obligations stemming from simultaneously pending immigrant, and nonimmigrant petitions, are relevant to whether the job offer to [Nukathoti] is even bona fide."

Viraj filed a lawsuit under the Administrative Procedure Act, 5 U.S.C.

§ 702, against the Director of USCIS, the United States Attorney General, and the United States Attorney for the Northern District of Georgia (collectively, the government), challenging the denial of its alien worker visa petition.  Viraj also raised an Equal Protection claim.  The district court granted summary judgment in favor of the government, and this is Viraj's appeal.

## II.

We review de novo the district court's grant of summary judgment, applying the same legal standards that bound the district court.  Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under the Administrative Procedure Act, agency actions, findings, and conclusions can be set aside if only they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A), (E).  That standard is "exceedingly deferential," Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996), and when applying it, this Court has "very limited discretion to reverse an agency decision." Leal v. Sec'y, U.S. Dep't of Health and Human Servs., 620 F.3d 1280, 1282 (11th Cir. 2010).

4

III.

An alien may eligible for a visa based on employment in the United States as an advanced degree professional if certain requirements are met. See 8 U.S.C. § 1153(b)(2)(A). First, the employer who intends to hire the alien must file an alien labor certification application with the Department of Labor, which Viraj did. 8 U.S.C. § 1182(a)(5); 20 C.F.R. § 656.17(a)(1).

After the Department of Labor certifies the application, the employer must file with USCIS an I-140 visa petition, which Viraj did on Nukathoti's behalf. 8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5(c) & (k)(1). The alien named in the visa petition must be "a professional holding an advanced degree," 8 C.F.R. § 204.5(k)(3), which is defined as "any United States academic or professional degree or a foreign equivalent degree above that of a baccalaureate," id. § 204.5(k)(2). USCIS interprets that regulation to mean that an alien who does not have "at least a U.S. bachelor's degree or a foreign equivalent degree" does not meet the advanced degree requirement for an alien worker visa. See U.S. Citizenship & Immigration Servs., Dep't of Homeland Sec., Adjudicator's Field Manual § 22.2(j)(1)(B).

In the present case USCIS's denial of Viraj's alien worker visa petition on the ground that Nukathoti did not possess an advanced degree was not arbitrary, capricious, or an abuse of discretion. Because Congress did not define "advanced degree," see 8 U.S.C. § 1153(b)(2)(A), USCIS had the authority to interpret the statutory language and develop regulations to fill the gap. See Wright v. Everson, 543 F.3d 649, 654 (11th Cir. 2008). USCIS's regulation defining "advanced degree" as "any United States academic or professional degree or a foreign equivalent degree above that of a baccalaureate," 8 C.F.R. § 204.5(k)(2), is not contrary to the plain language of the statute. See id.

In interpreting that regulation, it is reasonable and within USCIS's authority to conclude that Nukathoti's three-year bachelor of science degree was not equivalent to a United States bachelor's degree and that his two-year master of science degree was not equivalent to a United States master's degree. See Matter of Shah, 17 I. & N. Dec. 244, 245 (BIA 1977) (determining that a three-year Indian bachelor's degree was not the equivalent of a United States bachelor's degree, which usually requires four years of study). Viraj argues that "above . . . a baccalaureate" degree, 8 C.F.R. § 204.5(k)(2), means any master's degree that is achieved after more than four years of study. Although that is one way to reasonably interpret the regulation, it fails to establish that USCIS's interpretation is plainly erroneous or inconsistent with the regulation. See Sierra Club v.

6

Johnson, 436 F.3d 1269, 1274 (11th Cir. 2006) ("An agency's interpretation of its own regulations is controlling unless plainly erroneous or inconsistent with the regulation.") (quotation marks omitted).

Nor did the agency's decision to rely on the Electronic Database for Global Education (EDGE) and to discount the letters from professors and academic credential evaluations that Viraj submitted make the denial of the visa petition arbitrary or capricious.[1]  Deciding which materials to rely on was within the agency's discretion, and it was entitled to give the letters and evaluations less weight in light of the fact that they differed from the information provided in EDGE, which is a respected source of information.  See Matter of Caron Int'l, Inc., 19 I. & N. Dec. 791, 795 (BIA 1988) ("[S]ince the [agency] is responsible for making the final determination regarding a beneficiary's eligibility for the benefit sought, where an opinion is not in accord with other information or is in any way questionable, the [agency] is not required to accept or may give less weight to that evidence.").

---

[1] The district court described EDGE as "a web-based resource for the evaluation of foreign education credentials created by the American Association of Collegiate Registrars and Admissions Officers."  It noted USCIS's observation that, "unlike other foreign credential evaluators, '[a]uthors for EDGE are not merely expressing their personal opinions.  Rather, they must work with a publication consultant and a Council Liaison with AACRAO's National Council on the Evaluation of Foreign Educational Credentials.'"  The district court pointed out that EDGE had determined that a master of science degree from India is comparable to a United States bachelor's degree.

7

Because it was not arbitrary or capricious for USCIS to deny Viraj's alien worker visa petition on the ground that Nukathoti lacked the necessary educational qualifications, we need not address the issues raised regarding Viraj's ability to pay the proffered wage. See 8 C.F.R. § 204.5(g)(2) & (k)(3) (providing that in order for an I-140 alien worker visa petition to be granted, the employer must establish both that the alien it seeks to employ is an advanced degree professional and that it has the ability to pay the proffered wage).[2]

## IV.

We review de novo constitutional challenges to agency orders. Toro v. Sec'y, U.S. Dep't of Homeland Sec., 707 F.3d 1224, 1230 (11th Cir. 2013). Under rational basis review, an agency's interpretation of its own regulation violates the Equal Protection Clause only if the interpretation is not rationally related to any legitimate governmental objective. See Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000); see also Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1271 (11th Cir. 2004) ("[F]ederal classifications that distinguish among groups of aliens are subject only to rational basis review."). To have a rational basis, a classification distinguishing among groups of aliens "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and

---

[2] Viraj also argues that the denial of its visa petition was arbitrary or capricious because it was inconsistent with prior unpublished USCIS decisions, but those decisions have no precedential value and are not a proper basis for denying USCIS the deference it is due. See, e.g., De la Rosa v. U.S. Att'y Gen., 579 F.3d 1327, 1336 (11th Cir. 2009); Chan v. Reno, 113 F.3d 1068, 1073 (9th Cir. 1997).

substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1312 (11th Cir. 2001) (quoting Stanton v. Stanton, 421 U.S. 7, 14, 95 S.Ct. 1373, 1377 (1975)).

Viraj contends that its visa petition was denied because of "cultural discrimination," and it asserts that USCIS probably would not reject a two-year master's degree issued by a United States university if that degree were preceded by the same three-year Indian bachelor's degree that Nukathoti had. That contention is unavailing. Viraj presented evidence of four Indian students who have United States master's degrees preceded by three-year Indian bachelor's degrees. Nukathoti does not have those credentials. Viraj has provided no evidence that visa petitions for aliens with Indian master's degrees were denied based on race or national origin or on any basis other than the legitimate determination that the foreign degree was not equivalent to an advanced degree, as required by the regulation. "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). The district court properly granted summary judgment to the government on Viraj's equal protection claim.

**AFFIRMED.**

9